**Ex parte Donald Gene TURNER.**

**No. 68,896.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1982.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

This is a post-conviction habeas corpus proceeding brought pursuant to Art. 11.07, V.A.C.C.P., in which the applicant seeks to set aside his 1963 felony theft conviction for the offense of obtaining a thing of value by defrauding with a worthless check, see Art. 567b, V.A.P.C. (1925 Code). Two prior non-capital felony convictions also were alleged and proved for enhancement of punishment purposes, see Art. 63, V.A.P.C. (1925 Code). Punishment was therefore assessed at life imprisonment. Applicant's appeal was affirmed by this Court in *Turner v. State*, 372

S.W.2d 346 (1963), to which opinion we refer the reader for a discussion of the facts of the primary offense.

In *Ex parte Locklin*, 583 S.W.2d 787 (1979), this Court held that where a defendant has been convicted and the record shows that the issue of competency to stand trial was submitted to the same jury that decided the guilt-innocence of the defendant, then the conviction is fundamentally defective, and also subject to collateral attack.

The record here sustains the applicant's contention that the trial court submitted the competency issue to stand trial to the same jury that decided his guilt-innocence of the primary offense.

The relief sought is granted and applicant is ordered to be released to the sheriff of Brown County to answer the indictment in trial court cause number 36,059.