**John Earl DUPLECHIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0114–CR.**

Court of Appeals of Texas,
Tyler.

March 17, 1983.

Buddy Stevens, Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

McKAY, Justice.

Appellant was found guilty of aggravated assault by a jury. The jury found that he had been convicted of felonies on two previous occasions as alleged in the enhancement paragraphs of the indictment, and the court assessed his punishment at life.

By three related grounds of error appellant contends that his conviction should be reversed because a void prior conviction was considered by the jury for enhancement. Appellant contends the prior conviction is void because the indictment in Cause No. 172,145, used for enhancement, (1) fails to allege that appellant had been previously convicted of a felony "involving an act of violence"; (2) fails to allege that appellant possessed a prohibited weapon; and (3) fails to allege a culpable mental state.

The trial of appellant was completed on September 20, 1979, and judgment was signed and filed on that date. Included in the record on appeal are two petitions for post-conviction writ of habeas corpus—one dated May 6, 1980, with no file mark, and a pro se petition dated April 25, 1980, and filed May 22, 1980. There is also included in the record an order by a district judge denying the petition on the ground that the judgment of conviction was not final but was on appeal. In the same order, however, the clerk was "ordered to transmit a copy of said petition and order with the record on appeal" to the Clerk of the Court of Criminal Appeals. The entire record was subsequently transferred to this court.

Attached to the petition which bears no file mark are copies of the indictments in Cause No. 125515, and Cause No. 172145. Neither of these indictments, nor copies thereof, was offered in the trial court at any time during the trial of this case. The complaint appellant makes in his grounds of error to this court was not made to the trial court. The record for appeal was approved by the trial judge on January 7, 1980, and the petition for writ of habeas corpus was filed in May 1980.

In *Smith v. State*, 573 S.W.2d 546, 547 (Tex.Cr.App.1978), the appellant contended that one of the convictions used to enhance his punishment was void because of a discrepancy between the judgment and the order revoking probation. Appellant attempted to show such discrepancy by copies of the records of the previous conviction attached to appellant's brief, but it was not supported by the record certified by the clerk. The court said, "This court cannot consider material not introduced into evidence which was not before the trial court."

The appellant in *Casas v. State*, 626 S.W.2d 805, 807 (Tex.App.—San Antonio 1981, no p.d.r.), claimed that an indictment used for enhancement was void, and, therefore, his conviction as an habitual offender was also invalid. The court said that such indictment may have been subject to a motion to quash, but "[T]he indictment in cause 65260 is not before this court, nor is it a part of this record. We find that nothing is presented for review as to the sufficiency of the allegations."

The latest expression on this point seems to be in *Hill v. State*, 633 S.W.2d 520, 525 (Tex.Cr.App.1982). In *Hill* the appellant

was convicted of felony theft, enhanced by two prior felony convictions. Appellant specifically stated that he had no objection to the introduction by the State of pen packets, and made no objection that he was without counsel at the time of one of the previous convictions. After his conviction he filed a habeas corpus proceeding claiming he was indigent and without counsel at the time of the previous conviction used for enhancement. The court said:

> Therefore, we hold that the failure to object at trial to the introduction of proof of a [sic] allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction.

We hold that appellant's failure to object at his trial to the introduction of proof of a prior conviction precludes him from attacking it in this court. We find nothing presented for review.

Judgment of the trial court is affirmed.