**John Earl DUPLECHIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 378–83.**

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

Buddy Stevens, Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Kenneth Levi, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for aggravated assault. After finding Appellant guilty, the jury further found that he had twice previously been convicted of felony offenses. Punishment was assessed at life.

In his petition for discretionary review, Appellant presents three grounds of error in which he maintains that one of the prior convictions alleged and used for enhancement purposes is based upon a fundamentally defective indictment. The court of appeals found that nothing was presented for review due to Appellant's failure to raise such contention at trial. *Duplechin v. State,* 654 S.W.2d 20 (Tex.App.—Tyler, 1983).

In finding that nothing was presented for review, the Court of Appeals cited this Court's opinion in *Hill v. State,* 633 S.W.2d 520 (Tex.Cr.App.1982). In *Hill,* the defendant urged that a prior conviction used for enhancement purposes was invalid because he was without counsel at the time of the conviction. It was held that the failure to object at trial to the introduction of proof of an allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized a prior conviction. However, in *Hill,* it was specifically noted that the defendant was not contending that his prior conviction, used for enhancement purposes, was based upon a void charging instrument. In *Ex parte Nivens,* 619 S.W.2d 184 (Tex.Cr.App.1981), this Court held that the absence of an objection to the use of a prior conviction, based upon a fundamentally defective indictment does not serve so as to preclude a subsequent

attack upon a conviction that utilized the prior conviction for enhancement purposes.

Therefore, we find that the Court of Appeals' reliance upon this Court's opinion in *Hill v. State, supra,* is misplaced. Despite the absence of an objection at trial, Appellant may challenge, for the first time on appeal, the validity of the indictment underlying one of the prior convictions used for enhancement purposes. *Ex parte Nivens, supra.* We further note that the indictment from the prior conviction which Appellant now challenges is included within the record on appeal which the clerk has certified is "a complete, full, and correct record of the proceedings, as approved by the court...".

Pursuant to the authority conferred on this Court by Arts. 44.37 and 44.45(b), V.A.C.C.P., and Rule 304(k) (Tex.Cr.App.R.), Appellant's petition for discretionary review is granted and this cause is remanded to the Court of Appeals for the Twelfth Supreme Judicial District for reconsideration of Appellant's three grounds of error. This Court expresses no opinion with respect to the ultimate disposition of the grounds of error, but only finds that the Court of Appeals was in error in concluding that nothing was presented for review.

The judgment of the Court of Appeals is vacated and the cause is remanded to that Court for reconsideration of Appellant's ground of error.