**Ex parte Allen Lavern RIDLEY.**

No. 69202.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 12, 1983.

Allen Lavern Ridley, pro se.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

In November, 1967, the applicant was convicted of the offense of burglary in Cause Number 12,182 in the 16th Judicial District Court of Denton County. Punishment was assessed at imprisonment for four years. No appeal was taken from this conviction.

The applicant now complains that he was denied due process of law because the same jury that determined his guilt also determined his competence to stand trial. The record before this Court supports this allegation, and also reflects that an improper standard was utilized to determine the applicant's competence. Thus, this conviction must be set aside. *Ex parte Locklin,* 583 S.W.2d 787 (Tex.Cr.App.1979); *Ex parte Turner,* 626 S.W.2d 785 (Tex.Cr.App. 1982).

The records of this Court reflect that in June, 1976, the applicant was convicted of the offense of aggravated robbery in Cause No. 6822 in the 213th Judicial District Court of Tarrant County. Punishment in this case was assessed at imprisonment for life after the applicant entered a plea of true to two prior felony convictions. One of these prior felony convictions was Cause No. 12,-182, now under attack.

The failure to object at trial to the introduction of an infirm prior conviction precludes the defendant from thereafter collaterally attacking the conviction that utilized the infirm prior conviction. *Hill v. State,* 633 S.W.2d 520 (Tex.Cr.App.1982). Therefore, while the applicant is entitled to

■■■■■■■■■■■■■■■■■■■■■■■■■

have the Denton County conviction set aside, he may not collaterally attack the Tarrant County conviction on this ground.[1]

The conviction in Cause No. 12,182 is set aside, and the applicant is remanded to custody to answer to the indictment in said cause. A copy of this opinion will be sent to the Department of Corrections.

MILLER, J., concurs.

ONION, P.J., and CLINTON and TEAGUE, JJ., dissent.

1. This paradoxical result flows from this Court's adherence to the view that one need not be in custody as a result of a conviction in order to collaterally attack that conviction. See *Ex parte Guzman,* 551 S.W.2d 387 (Tex.Cr. App.1977); *Ex parte Legg,* 571 S.W.2d 930 (Tex.Cr.App.1978). Thus, the applicant may collaterally attack the Denton County conviction even though his failure to object to the introduction of this conviction in the subsequent Tarrant County case precludes him from obtaining any meaningful relief as a result of today's action by this Court.