John Earl DUPLECHIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0114–CR.

Court of Appeals of Texas,
Tyler.

Nov. 10, 1983.

Buddy Stevens, Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

McKAY, Justice.

This is an appeal from a conviction for the offense of aggravated assault. Appellant was indicted for murder. The jury found that appellant had been twice before convicted of a felony, as alleged in the indictment, and the trial judge assessed his punishment at life imprisonment in the Texas Department of Corrections.

This court delivered an opinion on March 17, 1983, in which we affirmed the conviction. 654 S.W.2d 20. Appellant raised on

appeal for the first time the question of whether or not the indictment for one of the felony convictions used to enhance the present conviction was void as fundamentally defective. We held that the indictment was not properly before us and ruled that nothing was presented for review. The indictment complained of was included in the transcript as an attachment to a writ of habeas corpus filed and denied without a hearing in the trial court after sentencing. The petition with its accompanying documents, i.e., the indictment complained of, was included in the transcript after the trial judge had approved the record. The order approving the record was on page 497 of the transcript and approved the preceding 496 pages as the true and correct record of the trial. The petition for habeas corpus was found on pp. 508–513. The District Clerk of Harris County included in his certificate that the preceding pages were a full and complete record of the proceedings. There was no further approval by the trial court of any additional instruments or record. This court held in its previous opinion that the indictment was not properly before us in that there was no objection to the indictment raised at trial, citing *Hill v. State*, 633 S.W.2d 520 (Tex.Crim.App.1981).

The Court of Criminal Appeals granted appellant's petition for discretionary review, and on June 29, 1983, delivered an opinion remanding the cause to this court for reconsideration of appellant's grounds of error. 652 S.W.2d 957. The opinion stated that we had erroneously relied on *Hill*. The opinion cited *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Crim.App.1981), as holding that the absence of a trial objection to the use of a prior conviction, based on a fundamentally defective indictment does not preclude a subsequent attack upon a conviction that utilized the prior conviction for enhancement purposes. In *Nivens*, the subsequent attack was through an application for writ of habeas corpus.

The court in the opinion on appellant's petition for discretionary review instructed us to do the very thing that the court said it should not have done in *Hill*, citing *Smith v. State*, 486 S.W.2d 374 (Tex.Crim.App.1972), that is, to go outside the appellate record of the trial court and consider a writ of habeas corpus. As previously discussed, the transcript of the trial did not include a copy of the indictment in the prior conviction. It was included in the transcript by the District Clerk. The application for a writ of habeas corpus was not before this court, but was addressed to a district court and denied, and was not part of the appeal. Under Tex.Code Crim.Proc. Ann. § 11.07 (Vernon 1983) we do not have jurisdiction of post-conviction writs of habeas corpus. However, in this instance it appears the Court of Criminal Appeals has refused the very same writ of habeas corpus without written order on December 10, 1980.

Therefore, we now review the indictment. In pertinent part it reads:

... On or about the 21st day of September, A.D. 1971, in said County and State, was then and there a person who had previously been convicted of assault to murder with malice, a felony, to-wit, the said JOHN EARL DUPLICHIN was duly and legally convicted on the 21st day of March, A.D., 1968, in the 178th District Court of Harris County, Texas in cause No. 125,510 of said offense of assault to murder with malice, a felony, styled the State of Texas vs. JOHN EARL DUPLICHIN, upon an indictment then and there legally pending against him in said court and which said court had jurisdiction of said offense, and said conviction was a final conviction.

And after the judgment of conviction in said cause no. 125,510 had become final, the said JOHN EARL DUPLICHIN on or about the 21st day of September A.D. 1971, in said County and State, did then and there have in his possession, away from the premises upon which he then and there lived, a pistol capable of concealment on his person.

Appellant raises three grounds of error all contending the indictment is void as fundamentally defective because it fails to

allege (1) the appellant had been previously convicted of a felony involving an act of violence; (2) that the appellant possessed a prohibited weapon; and (3) a culpable mental state.

The appellant, regarding the indictment of which he complains, was indicted under former art. 489c, Penal Code of Texas. This article was the forerunner of § 46.05 of the Penal Code. We will review appellant's grounds of error in view of the law relating to art. 489c prior to the enactment of the present Penal Code. Art. 489c provided as follows:

Section 1. No person who has been convicted of a felony involving an act of violence may possess away from the premises upon which he lives a prohibited weapon, or a firearm having a barrel of less than 12 inches in length. "Prohibited weapon" means any weapon specified by Article 483, Penal Code of Texas, 1925, as amended.

Section 2. A person who violates any provision of this Act is guilty of a felony and upon conviction is punishable by imprisonment in the penitentiary for not less than two nor more than 10 years.

Article 483, Penal Code of Texas, 1925, as amended, provided in pertinent part:

"(a) Any person who shall carry on or about his person, saddle or in his saddlebags, or in his portfolio or purse any pistol....."

■ Appellant complains the indictment did not allege that he had been previously convicted of a felony "involving an act of violence." We find the allegation that the appellant had previously been convicted of "assault to murder with malice" is sufficient by its terms to allege a previous conviction of a felony involving an act of violence. See *Scott v. State*, 571 S.W.2d 893 (Tex.Crim.App.1978).

■ Secondly, appellant contends the indictment failed to allege the appellant possessed a prohibited weapon as required by former 489c, Penal Code of Texas. A pistol is a prohibited weapon by definition under art. 483.

■ Lastly, appellant contends that the prior conviction is void because the indictment fails to allege a culpable mental state. *Tew v. State*, 551 S.W.2d 375 (Tex.Crim. App.1977), held that a culpable mental state was a necessary element of § 46.05, Penal Code, as viewed in connection with § 6.02(b) of the Penal Code. However, we do not find such a requirement for art. 489c, Penal Code of Texas. Appellant's grounds of error are overruled.

Appellant has filed a pro se brief. We have reviewed the brief and find the grounds of error expressed therein to be without merit.

The judgment of the trial court is affirmed.

COLLEY, Justice, concurring.

While I concur in the affirmance, I am persuaded that further discussion of the appellate posture of this case, Duplechin's grounds and the authorities supporting our decision is appropriate.

Duplechin was convicted of the lesser included offense of aggravated assault by a jury on an indictment charging him with murder under the provisions of Section 19.-02(a)(1) and (2) of the Texas Penal Code. The indictment alleged two prior felony convictions for the purpose of enhancement of punishment under Section 12.42(d), Texas Penal Code. The jury found that the defendant had been convicted of such prior felonies as alleged, and the trial judge assessed Duplechin's punishment at life imprisonment in the Department of Corrections. One of the prior convictions used to enhance punishment was defendant's conviction of "Possession of prohibited weapons by persons convicted of certain felonies" as denounced by art. 489c of the former Penal Code, as amended by Acts 1969, 61st Leg. ch. 653, p. 1951. This conviction was had in Cause No. 172145 in the 185th Judicial District Court of Harris County, Texas. In this appeal all of Duplechin's grounds of error, contained in briefs both pro se and otherwise filed in his behalf prior to submission of the cause, chal-

lenged the indictment in said Cause No. 172145. Duplechini claims such indictment is fatally defective because it fails to allege: (1) that the felony was one involving an act of violence; (2) that Duplechin possessed a prohibited weapon; and (3) a culpable mental state.

Before I address the merits of this case, it seems appropriate to review the appellate history of the case.

On March 17, 1983, this court affirmed Duplechin's conviction (654 S.W.2d 20). The Court of Criminal Appeals granted Duplechin's petition for discretionary review, vacated our judgment, and remanded the cause to this court for consideration of Duplechin's grounds of error *Duplechin v. State*, 652 S.W.2d 957 (Tex.Crim.App.1983).

The Court of Criminal Appeals in its per curiam opinion on the petition for discretionary review states that we refused to consider Duplechin's grounds of error because we "... found that nothing was presented for review due to [Duplechin's] failure to raise...." the contentions at trial.

We erroneously cited *Hill v. State*, 633 S.W.2d 520 (Tex.Crim.App.1982), in our opinion; and erroneously concluded our opinion with a paragraph purporting to hold that Duplechin's failure to object at trial to the introduction into evidence of a "pen pack" containing inter alia, the judgment and sentence, *but not the indictment* in Cause No. 172145, precluded Duplechin's attack on his conviction in Cause No. 172145 in our court.

Our reported opinion sets forth in adequate detail facts which show that the indictment in Cause No. 172145 was not a part of the trial proceedings. Sentence in the case on appeal was pronounced on September 20, 1979, and notice of appeal was given on September 24, 1979. Some eight months later, on May 22, 1980, the post-conviction writs of habeas corpus were filed by Duplechin at a time when the appeal was pending in the Court of Criminal Appeals. (The appeal was later transferred to the Houston 14th Court of Appeals and thence to our court in October 1981.)

The indictment in Cause No. 172145 was attached to the petition for writ of habeas corpus. The trial judge denied the petition without a hearing and ordered the District Clerk to file the same in this cause and forward copies thereof to the Court of Criminal Appeals. The Court of Criminal Appeals in its per curiam opinion noted that such indictment "... is included within the record on appeal ..." and that the clerk has certified the record as "... a complete, full and correct record of the proceedings as approved by the court...." The clerk's certificate as to such facts is patently incorrect. The face of the record so shows.

In our vacated opinion we cited *Smith v. State*, 573 S.W.2d 546, 547 (Tex.Crim.App. 1978), and *Casas v. State*, 626 S.W.2d 805, 807 (Tex.App.—San Antonio 1981, no pet.), both cases stand for the proposition that materials not a part of the appellate record cannot be considered by the reviewing court. The Court of Criminal Appeals nevertheless has ordered us to consider Duplechin's grounds of error presumably for the reason that our refusal to consider such grounds relating to the sufficiency of the indictment in Cause No. 172145 was based on our conclusion that Duplechin's failure to object at trial to the indictment precluded him from raising the grounds that such indictment was fatally defective for the first time on appeal. Our conclusion is contrary to the decision in *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Crim.App. 1981) (a habeas corpus proceeding).

I respectfully submit, assuming as the undisputed facts show, that the indictment is *not* a part of the appellate record of the *trial* proceedings, our refusal to consider such grounds of error with the rationale that the indictment was not properly before us is supported by *Smith v. State*, 573 S.W.2d 546, 547, *supra*.

Next, considering that the indictment is before us as a part of defendant's petition for writ of habeas corpus, the question arises of whether we have jurisdiction to entertain such writ. Under the record I believe we do not. The courts of appeal have no original habeas corpus jurisdiction.

Article 5, Section 6 of the Texas Constitution, grants no original habeas corpus jurisdiction to the courts of appeal but does provide that in addition to the appellate jurisdiction conferred on the courts of appeal thereby, "[S]aid courts shall have such other jurisdiction, original and appellate, as may be prescribed by law." To this date the legislature has not granted the courts of appeal original habeas corpus jurisdiction in criminal cases. *Denby v. State,* 627 S.W.2d 435 (Tex.App.—Houston [1st Dist.] 1981, no pet.).

Although we are without original habeas corpus jurisdiction, can we entertain the writ by virtue of the provisions of Article 44.34 of the Texas Code of Criminal Procedure which grants us jurisdiction to review an *appeal* "... from the judgment rendered on the hearing on application under habeas corpus...." We conclude that we may not because the district court had no jurisdiction to decide Duplechin's post-conviction writ. *Coronado v. State,* 617 S.W.2d 265 (Tex.Crim.App.1981). Under this record only the Court of Criminal Appeals, in the exercise of its original constitutional and statutory habeas corpus jurisdiction (Article 5, Section 5, Texas Constitution and Articles 11.05 and 4.04, Texas Code of Criminal Procedure), can decide the grounds alleged in Duplechin's petition for writ of habeas corpus. *Smith v. State,* 486 S.W.2d 374 (Tex.Crim.App.1972); *Ex parte Payne,* 618 S.W.2d 380 (Tex.Crim.App. 1981). I respectfully suggest that the Court of Criminal Appeals could have properly exercised its original habeas corpus jurisdiction in this instance and decided Duplechin's grounds incorporated in his petition for habeas corpus. Rather than so doing, that honorable court has vacated our judgment, thus "unfinding" facts we found on the appeal, viz., that the petitions for writ of habeas corpus with the indictment in Cause No. 172145 attached thereto, were *not* a part of the appellate record. In so doing I assume that the Court of Criminal Appeals implicitly found that such documents were a part of the record *as a matter of law* because Section 6 of Article 5 of the Texas Constitution provides that the

"decision of the courts of appeal shall be conclusive on all questions of fact brought before them on appeal or error."

I further suggest, that since the courts of appeal have acquired original appellate jurisdiction in all criminal cases, other than capital cases where death is the punishment, by virtue of the 1980 amendments to Section 6 of Article 5 of the Texas Constitution, that the legislature, pursuant to its authority under such section, should confer on the courts of appeal both original and Section 11.07 habeas corpus jurisdiction in such criminal cases. Such jurisdiction should be concurrent with the jurisdiction of the Court of Criminal Appeals. Armed with such habeas courpus jurisdiction and following the lead of the Court of Criminal Appeals as to the propriety of the exercise of such jurisdiction in any given case, the courts of appeal would then be empowered to see that substantial justice is accomplished expeditiously. For then, we could follow *Smith v. State,* 486 S.W.2d 374; *Ex parte Payne* and *Coronado v. State,* all *supra,* in the disposition of cases on grounds raised on direct appeal, as well as by writs of habeas corpus presented simultaneously. Such legislation appears to be needed since the vast majority of criminal appeals are now filed in the courts of appeal.

The foregoing portions of this opinion were written without any intention of exhibiting disrespect for the Honorable Court of Criminal Appeals or any judge thereof, but as an expression of respect for orderly and disciplined appellate procedures conforming to constitutional and statutory requirements.

Now to address Duplechin's grounds of error. As earlier noted, Duplechin was indicted in Cause No. 172145 under the provisions of Article 489c of the former Texas Penal Code 1925 as amended by Acts of the 61st Legislature. Such article read in part:

"No person who has been convicted of a felony involving an act of violence may possess away from the premises upon which he lives a prohibited weapon or a

firearm having a barrel less than twelve inches in length.

" 'Prohibited weapon' means any weapons specified by Article 483, Penal Code, of the Texas 1925 as amended."

Article 483 of the then existing Penal Code provided in part: "(a) any person who shall carry on or about his person . . . any pistol . . . shall be punished. . . ." Thus it is clear that the indictment in Cause No. 172145 specifically alleged that Duplechin possessed a prohibited weapon. Duplechin's argument to the contrary is without merit and ground two is properly overruled.

In his first ground of error Duplechin argues that because the indictment in Cause No. 172145 fails to allege the words that Duplechin was "previously convicted of a felony involving an act of violence" such indictment is fundamentally defective, citing *Mendoza v. State,* 460 S.W.2d 145 (Tex.Crim.App.1970), and *Waffer v. State,* 460 S.W.2d 147 (Tex.Crim.App.1970). In both *Mendoza* and *Waffer* the prior felony alleged under Article 489c, as it existed prior to the 1969 amendments to Section 1 thereof, was burglary. I do not consider such cases pertinent here.

In our case the indictment in Cause No. 172145 alleges the felony offense of assault with intent to murder in the following language:

"... that John Earl Duplechin ... was then and there a person who had previously been convicted of assault to murder with malice, a felony, to-wit, the said John Earl Duplechin was duly and legally convicted on the 21st day of March A.D. 1968 in the 168th District Court of Harris County, Texas, in Cause No. 125510 of said offense of assault to murder with Malice, a felony. . . ." (Article 1160, Texas Penal Code 1925 as amended.)

In *Mena v. State,* 504 S.W.2d 410 (Tex. Crim.App.1974), the defendant challenged the sufficiency of the evidence to support his conviction for violation of Article 489c, claiming the evidence was insufficient to demonstrate that the underlying felony conviction of robbery was a felony involving an act of violence. The Court of Criminal Appeals overruled such ground of error and held that robbery is a felony involving an act of violence. *Id.* at 414. In *Scott v. State,* 571 S.W.2d 893 (Tex.Crim.App.1978), the court upheld the defendant's conviction against his contention that the evidence was insufficient to show that robbery by assault was a felony involving violence or threatened violence under Section 46.05(a), Texas Penal Code, stating that robbery by assault ". . . is a felony involving violence or threatened violence against a person as a matter of law." The reversal in *Tew v. State,* 551 S.W.2d 375 (Tex.Crim.App.1977), cited by Duplechin resulted because the indictment under Section 46.05(a), Texas Penal Code Ann. (Vernon 1974), did not allege a culpable mental state as required by Section 6.02(a)(b) and (c), Texas Penal Code Ann. (Vernon 1974). The prior felony conviction alleged in the indictment was "burglary, an act of violence. . . ." The trial court in *Tew, supra,* instructed the jury to the effect that burglary was a felony involving violence or threatened violence to persons and property. Judge Onion writing for the full court noted that in the event the case should be retried on a new indictment that it was error for the trial court to give such instruction because burglary does not "per se" involve violence and whether a felony involves violence depends on the facts and circumstances of the case, citing *Powell v. State,* 538 S.W.2d 617 (Tex.Crim.App.1976).

The State argues that the allegation of the indictment in Cause No. 172145 that defendant had a prior conviction of "assault to murder with malice" was a sufficient allegation that the felony alleged involved an act of violence. I agree. I would expressly hold that assault with intent to murder with malice (Article 1160, Texas Penal Code 1925 as amended) is a felony involving an act of violence as a matter of law. *Scott v. State; Mena v. State; supra.* If a felony involves violence as a matter of law, the allegation of the offense, as here, inherently includes the allegation that it is a felony involving an

act of violence. Stated another way, and in language used by Judge Onion in *Tew*, assault with intent to murder with malice does per se involve an act of violence. The allegations in the indictment in Cause No. 172145 were therefore sufficient to allege an underlying felony involving an act of violence. Defendant's first ground of error is properly overruled.

Duplechin by his third ground complains of another infirmity in the indictment under review, viz., that it fails to allege a culpable mental state, thus voiding his conviction in said cause. Duplechin again relies on *Tew v. State*, *supra*, in support of his contention. Of course, *Tew v. State* was decided after the effective date of the new penal code and Section 6.02 thereof. Defendant's counsel ably argues, however, that we should strike down the indictment in question for want of the allegation of a culpable mental state because the provisions of Section 6.02 represent a codification of former case law, citing *Vaughn v. State*, 86 Tex.Cr.R. 255, 219 S.W. 206 (1920), and *Miles v. State*, 52 Tex.Cr.R. 561, 108 S.W. 378 (1908). *Vaughn* involves an appeal from a conviction for selling adulterated meats contrary to provisions of Chapter 2 of Title 12 of the then existing penal code, known as the "Pure Food Law of Texas." (Article 704, et seq. of the Penal Code.) In *Miles*, the appeal was from a conviction for unlawfully carrying a pistol. In both cases reversal resulted from the error of the trial court in refusing to submit the defendant's requested charge on mistake of fact. Neither decision supports Duplechin's contention under this ground of error.

I would expressly hold that a culpable mental state was not an element of the offense of possession of a prohibited weapon by persons convicted of certain felonies as denounced by Article 489c, and hence the indictment in Cause No. 172145 is not subject to the attack made in Duplechin's third ground of error.

The constitutionality of former Article 489c has been upheld on numerous occasions contrary to Duplechin's contentions.

*Castillo v. State*, 411 S.W.2d 741 (Tex. Crim.App.1967), and *Elliott v. Beto*, 419 F.2d 128 (5th Cir.1969).