**Frederick Douglas WEAVER,
Petitioner-Appellant,**

v.

**Dan V. McKASKLE, Acting Director,
Texas Department of Corrections,
Respondent-Appellee.**

No. 83–1215.

United States Court of Appeals,
Fifth Circuit.

May 21, 1984.

 is placed above.

Sylvia Mandel, Staff Counsel for Inmates, TDC, Laurel D. Owens, Huntsville, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., El Paso, Tex., Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, RANDALL and JOLLY, Circuit Judges.

RANDALL, Circuit Judge:

In this habeas corpus proceeding, we are called upon to decide if the district court properly denied relief because of the appellant's failure to comply with the applicable state contemporaneous objection rule. For the reasons that follow, we affirm.

## I. Factual and Procedural Background.

The appellant, Frederick Weaver, was convicted of aggravated robbery in 1977 in Texas state court. At the punishment phase of the trial, the prosecution introduced evidence of two prior convictions, one from Illinois in 1960 for automobile theft, and one from Kansas in 1965 for robbery.[1] Weaver's attorney objected to the introduction of the Illinois conviction on the grounds that Weaver had been pardoned and that it was no longer a final conviction.[2] The court overruled the objection. The jury assessed, and the court imposed, a life sentence.

In 1980, in a state habeas proceeding, the Illinois conviction was reversed by an Illinois appellate court on the ground that a *bona fide* doubt existed as to whether Weaver had been competent to stand trial in 1960, and no hearing had been held to determine his competency. *See Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). As we have indicated, this was not the ground upon which Weaver objected to the introduction of the Illinois conviction at his 1977 trial.

On appeal, Weaver contends 1) that because his competency was at issue with regard to the Illinois conviction, he was not required in 1977 to comply with the Texas contemporaneous objection rule; 2) that even if the contemporaneous objection rule

is applicable, he has demonstrated cause for his failure to object properly and prejudice resulting from the introduction of the Illinois conviction; and 3) that the district court erred in failing to address Weaver's contention that the full faith and credit clause required the Texas courts to reverse his 1977 conviction in light of Illinois' reversal of his 1960 conviction.

## II. The Contemporaneous Objection Rule.

In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that a state defendant procedurally defaults a claim by failing to comply with the state's contemporaneous objection rule, and that this procedural default precludes consideration of the claim in a federal habeas corpus proceeding absent a showing of cause and prejudice. *Id.* at 87, 97 S.Ct. at 2506. Under Texas law, a defendant's failure to object at trial to the introduction of an allegedly infirm prior conviction precludes a later attack upon the conviction that utilized the prior conviction. *See Hill v. State*, 633 S.W.2d 520, 525 (Tex.Cr.App.1981) (en banc). The Texas rule applies even where the alleged error is of constitutional dimension. *See Hill, supra; Garcia v. State*, 541 S.W.2d 428 (Tex.Cr.App.1976); *Gibson v. State*, 516 S.W.2d 406 (Tex.Cr.App.1974).

Weaver argues, however, that *Wainwright v. Sykes* and the Texas contemporaneous objection rule are inapplicable in his case. He contends that, because no contemporaneous objection is required to preserve the issue of competency to stand trial, *see Pate v. Robinson, supra,* neither should one be required when the objection is to the use of a prior conviction allegedly infirm because of the defendant's incompetency. This argument is fundamentally illogical. While it is an accurate statement of the law that no contemporaneous objection with regard to competency is required at the time of the trial that the

---

1. Introduction of the Kansas conviction is not challenged on appeal.

2. There is no contention that either of these grounds actually existed at the time of Weaver's trial in 1977.

defendant was allegedly incompetent to undergo, this case does not present that situation. Here, whether or not Weaver was competent to stand trial in Illinois in 1960, there is no allegation that Weaver was incompetent in Texas in 1977. It does not follow from the fact that there was a *bona fide* doubt in 1960 as to Weaver's competency that he was not required to raise the proper objection in 1977. Thus, we think that *Wainwright v. Sykes* and the Texas contemporaneous objection rule are applicable in this case.

### III. Cause and Prejudice.

■ Weaver contends that, even if *Wainwright v. Sykes* is applicable, it does not bar his action because he has demonstrated cause for his failure to raise the proper objection at his 1977 trial, and prejudice resulting from the admission of the 1960 Illinois conviction. Weaver argues that if he was incompetent and incapable of understanding the proceedings against him in 1960, he can not be expected to object to that proceeding seventeen years later. He asserts that "[t]he 'cause' of Petitioner's failure to properly object is evident: due to incompetency he did not know what precisely was the error in his prior conviction." Brief for Appellant at 7.

In *Wainwright v. Sykes*, the Supreme Court held that a procedural default in state court bars federal habeas review of the alleged error unless the defendant can establish "cause and prejudice." The Court declined to define precisely the boundaries of the cause and prejudice standard, rejecting, however, the standard that had previously been set forth in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), which would make federal habeas review generally available to state convicts absent a knowing and deliberate waiver of the federal constitutional contention. 433 U.S. at 87, 97 S.Ct. at 2506. More recently, in *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Court explored the cause and prejudice issue, again declining to state an explicit standard [3] but providing guidelines helpful to us today.

In *Isaac*, the defendants had failed to object at trial to a jury charge that placed on them the burden of proving self-defense. They sought relief for their procedural default on two grounds: first, that they could not have known at the time of trial that the due process clause addressed the burden of proof of an affirmative defense; and second, that any objection would have been futile because the state in question had long required criminal defendants to bear the burden of proving an affirmative defense.

The Supreme Court rejected both arguments, noting that *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), upon which the *Isaac* defendants could have based a constitutional objection, had been decided four years prior to their trials. The Court stated:

> We note at the outset that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.
>
> *      *      *      *      *      *
>
> We need not decide whether the novelty of a constitutional claim ever establishes cause for a failure to object. We might hesitate to adopt a rule that would require trial counsel either to exercise extraordinary vision or to object to every aspect of the proceedings in the hope that some aspect might mask a latent constitutional claim.
>
> *      *      *      *      *      *
>
> Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labelling alleged unawareness

---

**3.** The Court rejected the argument, however, that the cause and prejudice standard be re-placed or supplemented with a plain error inquiry. 102 S.Ct. at 1575.

of the objection as cause for a procedural default.

102 S.Ct. at 1572–75 (footnotes omitted).[4] Courts that have applied *Engle v. Isaac* have uniformly refused to find "cause" for a failure to object at trial. *See, e.g., Long v. McKeen,* 722 F.2d 286, 287–88 (6th Cir. 1983) (failure to object because of attorney's ignorance or incompetence), *cert. denied,* —— U.S. ——, 104 S.Ct. 1608, 80 L.Ed.2d 138 (1984); *Farmer v. Prast,* 721 F.2d 602, 606 (7th Cir.1983) (failure to object based on "insulating jurors from prejudicial argument"); *Webster v. Engle,* 721 F.2d 566, 568–69 (6th Cir.1983) (failure to object to jury instruction that violated state law). In this circuit, we have held that cause is not shown where the state court's alleged misunderstanding of the law would have rendered an objection "meaningless." *Bass v. Estelle,* 696 F.2d 1154, 1157 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983). We have also held that alleged incompetence of counsel in failing to object does not constitute cause under *Wainwright v. Sykes. Wash-*

*ington v. Estelle,* 648 F.2d 276, 278 (5th Cir.), *cert. denied,* 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981). We do not think that Weaver's argument in the instant case compels a different result under *Engle v. Isaac.*

Weaver does not contend that a constitutional objection based on *Pate v. Robinson* to the validity of his 1960 conviction would have been novel in 1977. Neither does he argue that such an objection would have been futile. Rather, it is the Court's holding in *Engle v. Isaac* with regard to the availability of a basis for a constitutional claim, regardless of the defendant or his counsel's unawareness of such a claim, that is dispositive in this case. As we have noted, the basis for Weaver's constitutional objection—the Illinois court's failure to hold a competency hearing—had been established since *Pate v. Robinson* in 1966. Weaver was bound to assert this objection at his trial notwithstanding the fact that the 1960 conviction had not yet been reversed.[5] His argument attempting to justi-

---

4. We note that the Supreme Court has recently heard argument in *Ross v. Reed,* 704 F.2d 705 (4th Cir.), *cert. granted,* —— U.S. ——, 104 S.Ct. 523, 78 L.Ed.2d 707 (1983). In *Ross,* as in *Engle v. Isaac,* the defendant was convicted of murder after the jury was charged without objection that he had the burden of proving self defense beyond a reasonable doubt. Such an instruction complied with the then-current state jurisprudence. Five months after the defendant's conviction was affirmed on appeal, the Supreme Court decided *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), in which it held that due process requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged.

In considering the defendant's federal habeas petition in *Ross,* the Fourth Circuit held that the cause and prejudice exception of *Wainwright v. Sykes* had been met. The court found that the cause element was satisfied because the defendant had no way of knowing in 1969 that *In re Winship,* decided a year later, would provide a constitutional basis for objecting. The court distinguished *Engle v. Isaac* on the basis that there, *In re Winship* had been decided four years before the *Isaac* defendants' trials. Thus, in *Isaac* the trial counsel's lack of awareness of this development did not constitute cause. In *Ross,* by contrast, "[t]rial counsel did not have the benefit of that springboard from which to launch a constitutionally based objection to the [jury] charge...." 704 F.2d at 709.

As the foregoing discussion illustrates, the eventual outcome in *Ross* will not affect the case before us. Even if the Fourth Circuit's decision is affirmed, thus establishing that the novelty of a constitutional objection can satisfy the cause prong of *Wainwright v. Sykes,* the instant case does not present such a situation. Here, the basis for a constitutional objection had been established, by the time of Weaver's trial in 1977, for some eleven years. *See Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

5. To the extent that such an objection would constitute a collateral attack on the judgment of another state, *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), establishes that one state must refuse to give force to a constitutionally defective judgment of another state where such an infirmity is brought to the second court's attention. While *Burgett* involved a prior conviction that was facially invalid, Texas cases establish that even where the infirmity is not so obvious, the defendant may at his trial launch a collateral attack on the validity of an out of state conviction. *See, e.g., Acosta v. State,* 650 S.W.2d 827 (Tex.Cr.App.1983) (en banc); *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App. 1981) (en banc). In such a situation, as in a habeas corpus proceeding, the burden is on the defendant to demonstrate the invalidity of the prior conviction by showing that the procedure

fy his failure to do so based upon his alleged incompetency in 1960 is without merit for the same reasons we discussed in part II, *supra.* Therefore, we hold that he has not demonstrated cause.

Our disposition of this issue renders it unnecessary for us to address whether Weaver was prejudiced by the admission of the Illinois conviction.

### IV. Full Faith and Credit.

■ Weaver also argues that the Illinois conviction was "void and invalid" at the time it was offered in evidence at his 1977 trial; thus, the district court assertedly erred in failing to rule on Weaver's full faith and credit allegation. Weaver contends that Illinois' reversal of his 1960 conviction in 1980 rendered that conviction unavailable "for any purpose at any time."

Again, we think that Weaver's failure to raise an objection in 1977 to the use of his 1960 conviction bars him from relief. In *Burgett v. Texas*, 389 U.S. 109, 114–15, 88 S.Ct. 258, 261–262, 19 L.Ed.2d 319 (1967), the Supreme Court held that a prior conviction from another state that was void because the defendant had not been afforded counsel could not be used to enhance the defendant's sentence in a subsequent trial. In *Burgett*, however, the defendant had objected at trial to the admission of the void conviction, which demonstrated on its face that the defendant was not represented by counsel. *See also Madeley v. Estelle*, 606 F.2d 560 (5th Cir.1979). Texas courts have followed *Burgett* where an ob-

jection was made at trial, but have barred a subsequent attack on a conviction in which the sentence was enhanced through use of an uncounselled and void prior conviction where the defendant failed to object. *See Hill v. State, supra; Ex Parte Ridley*, 658 S.W.2d 177 (Tex.Cr.App.1983) (en banc); *Wright v. State*, 511 S.W.2d 313 (Tex.Cr. App.1974). While Texas recognizes an exception to the contemporaneous objection rule when the prior conviction used for enhancement is based on a void indictment, *see, e.g., Ex Parte White*, 659 S.W.2d 434 (Tex.Cr.App.1983) (en banc); *Duplechin v. State*, 652 S.W.2d 957 (Tex.Cr.App.1983) (en banc), that exception, which is premised on the notion that the court rendering judgment in the prior conviction never had jurisdiction over the defendant, is not applicable here.[6]

Weaver also contends that the *Hill v. State* rule has only been applied in lack of counsel cases and should not be applied when the challenge is to competency. We do not agree that this distinction is meritorious. The only exception to the contemporaneous objection rule that Texas has recognized is the one for void indictments that we have discussed. Moreover, neither *Wainwright v. Sykes* nor *Engle v. Isaac* can be read to limit application of the contemporaneous objection rule only to certain constitutional claims. *Engle v. Isaac* explicitly declined to limit *Wainwright v. Sykes* to cases in which the constitutional error does not affect the truthfinding function of the trial. The Court held that the costs inherent in the Great Writ—federal

---

employed by the other state was improper. *Hankins*, 646 S.W.2d at 200. In *Ex Parte Ropollo*, 558 S.W.2d 869, 873 (Tex.Cr.App.1977), the court held that where the defendant produced evidence of the invalidity of an out of state conviction, the State of Texas must be given an opportunity to respond to the allegations. "Then, if there are unresolved issues of fact material to the legality of the petitioner's confinement, the trial judge should hold an evidentiary hearing on such issues of fact ...." In the event that the out of state conviction is indeed infirm, it may not be considered to enhance the defendant's sentence. *See also* Tex.Code Crim. Pro. art. 11.07, § 2(d) (Vernon 1983 Supp.) *Acosta* and *Hankins* make it clear that this pro-

cedure applies to a collateral attack made at trial as well as to a habeas proceeding.

**6.** Weaver also argues that the Illinois court that convicted him in 1960 lacked "personal jurisdiction" over him because although he was physically present in court, mentally he was not. Presumably he seeks to avail himself of the principle providing that a judgment rendered by a court lacking jurisdiction is not entitled to full faith and credit. *See, e.g., Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1020 (5th Cir.1982), *cert. denied*, —— U.S. ——, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983). Weaver's lawyer acknowledged at oral argument the novelty of this "not all there" contention, and cites to no authority supporting it. Suffice it to say that we are unpersuaded.

intrusions into state criminal trials that frustrate both the states' sovereign power to punish criminals and their good faith attempts to honor constitutional rights— did not depend upon the type of claim raised by the prisoner. 102 S.Ct. at 1570–72.

We note also that in *Ex Parte Ridley,* *supra,* the Texas Court of Criminal Appeals, sitting en banc, had before it both a challenge to a prior conviction based on competency, and a challenge to an enhanced sentence in a subsequent conviction that had been based on the prior conviction. The court granted the writ with regard to the prior conviction, holding that the trial court had used an improper standard to determine competency and that the same jury that had determined the defendant's guilt also determined his competence to stand trial. However, the court rejected the defendant's attack on his subsequent conviction on the basis of the contemporaneous objection rule even though the sentence had been enhanced through use of the void conviction. 658 S.W.2d at 177–78. *Ex Parte Ridley* establishes, therefore, that under Texas law a sentence that is enhanced on the basis of a prior conviction that is subsequently set aside on competency grounds will not be altered unless there is a contemporaneous objection to the admission of the prior infirm conviction. Under *Engle v. Isaac* and *Wainwright v. Sykes,* it is clear that this rule is permissible. Thus, the subsequent reversal of Weaver's 1960 conviction on competency grounds does not mandate retroactive recognition of that reversal absent an objection to its admission in 1977.

AFFIRMED.