**Ex parte John M. CASHMAN.**

**No. 69128.**

Court of Criminal Appeals of Texas,
En Banc.

July 13, 1983.

On Rehearing May 23, 1984.

Rehearing Denied July 11, 1984.

Scott E. Segall, El Paso, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

### OPINION

McCORMICK, Judge.

A jury convicted applicant of robbery in Cause No. 30,801–205 and enhanced his punishment by one prior conviction, a conviction for robbery in Cause No. 59770 from the Second Judicial District Court, Denver County, Colorado. Applicant was sentenced to fifty years' confinement. On appeal we affirmed the judgment in a per curiam opinion (Cause No. 59,063, September, 1980).

In his application, applicant attacks the prior conviction (Cause No. 59770) used to enhance his punishment. Applicant has provided the trial court with a certified copy of an order vacating the judgment and conviction in Cause No. 59770. This order is dated January 19, 1983, and signed by Sandra I. Rothenberg, Judge of the Denver District Court.

Because it appears that the prior conviction relied on for enhancement purposes has been voided, the applicant is entitled to relief. *Ex parte Garcia*, 578 S.W.2d 141 (Tex.Cr.App.1979). Furthermore, because a jury was elected to assess punishment in this cause (No. 30,801–205), the applicant is entitled to have a new trial on the issue of guilt as well as punishment. *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Cr.App.1981); *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr. App.1980).

The relief prayed for is granted. The conviction in Cause No. 20,801–205 is set aside, and the applicant is ordered released to the Sheriff of El Paso County to answer the indictment in Cause No. 30,801–205, with the enhancement paragraph as to said Cause No. 59770 from Denver County, Colorado, dismissed.

It is so ordered.

ONION, P.J., and W.C. DAVIS, J., dissent.

MILLER, J., not participating.

### OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under Article 11.07, V.A.C.C.P.

The record reflects that applicant was convicted in El Paso County on October 6, 1977 of the offense of robbery. Punishment, enhanced by allegation and proof of a prior 1969 Colorado robbery conviction, was assessed by the jury at fifty (50) years' confinement in the Texas Department of Corrections. On direct appeal applicant's robbery conviction was affirmed on May 21, 1980, by this court in *Cashman v. State*, 598 S.W.2d 885 (an unpublished per curiam opinion).

Applicant filed his post-conviction habeas corpus application in the convicting court, who found the allegations in the application to be without merit, and forwarded the record to this court with a recommendation that relief be denied.

Applicant's sole contention in his habeas application is that the prior robbery conviction obtained on January 9, 1969, in the Second Judicial District Court of Denver County, Colorado in Cause No. 59770, and used for enhancement of punishment in his 1977 Texas robbery conviction, has now been set aside and vacated by a Colorado court on January 19, 1983, and that he is entitled to release from confinement by virtue of his Texas conviction.

On July 13, 1983, this court, with two judges dissenting, granted the relief prayed, and remanded to the trial court noting that since punishment had been assessed by a jury he was entitled to a new trial.

On October 19, 1983, the State's motion for leave to file a motion for rehearing was granted,[1] and on November 9, 1983, this court withdrew its opinion of July 13, 1983, and ordered an evidentiary hearing by the trial court on the issue or issues involved, including actions of applicant's counsel regarding validity of the Colorado conviction. The trial court conducted the evidentiary hearing.

The record reflects that at the time of applicant's Texas trial he entered a plea of "true" to the indictment's allegations as to the prior conviction. After the court sustained an objection to a reference in the Colorado pen packet as to "escape," applicant offered no further objection to the pen packet. A fingerprint expert testified that applicant's known prints were identical with those in the pen packet. An assistant district attorney testified and explained what the pen packet was. The motion for new trial did not complain of the use of the prior conviction for enhancement, and no ground of error concerning the same was raised on appeal.

At the evidentiary hearing applicant's court-appointed attorney at his 1977 Texas trial testified that he had seen the pen packet and had discussed with applicant his prior Colorado conviction in which applicant had entered a plea of guilty, and that as a matter of strategy he and applicant agreed applicant should enter a plea of "true" at the penalty stage of the trial. Counsel testified that neither from his discussion with the applicant nor from the "papers" did he suspect or have any questions about the validity of the prior Colorado conviction.

Applicant testified his counsel did discuss the prior conviction with him, and he told counsel of a second Colorado conviction, and that counsel inquired if he had an attorney representing him in each case. He admitted he had counsel in each case, but in the second conviction (not the one used for enhancement) he had only a "stand-up" attorney, meaning the attorney only talked to him shortly before his guilty plea. He acknowledged that his Texas counsel had asked if that conviction was "any good" and that he replied, "I guess so, I don't really know." He did not request counsel to make an investigation of the Colorado convictions.

Applicant stated that after confinement in the Texas Department of Corrections he wrote the present judge of the convicting court in Colorado, informing her he was confined in Texas for 50 years as a result of a Texas conviction where a prior Colora-

---

1. The State's motion noted that the Colorado court order vacating the judgment of conviction was general and vague and failed to specific any basis for setting vacating the judgment.

do conviction (which he had already served) had been used to enhance his punishment. He related the judge appointed him an attorney to represent him on "habeas corpus" in Colorado, that such attorney filed a motion to vacate and set aside the judgment in Cause No. 59770, and that the judge after a hearing granted the motion. Applicant stated he was never returned to Colorado for any proceedings.

The record reflects that Colorado counsel filed a motion to vacate the judgment in Cause No. 59770 on the basis that applicant's guilty plea in 1968 was not intelligently and knowingly entered, that there was no factual basis shown to support the plea, and applicant was denied the effective assistance of counsel. A brief filed in support of said motion was based on the first contention urged in the motion.

On January 19, 1983 the Colorado District Court, County of Denver, granted the motion to vacate the judgment in Cause No. 59770. The order did not specify the basis for the court's action.

Applicant contends that since the prior Colorado conviction was set aside some five years or so after his Texas conviction the latter conviction must now also fall entitling him to the habeas corpus relief prayed for. The State takes the position that applicant failed to object to the introduction to evidence of his prior Colorado conviction at the time of his Texas trial for robbery, and that by failing to object he waived any right he had to challenge the use of the said Colorado conviction.

In *Hill v. State*, 633 S.W.2d 520, 523 (Tex.Cr.App.1982) (Opinion on Rehearing), this court held that the failure to object at trial to introduction of proof of an allegedly infirm prior conviction precludes a defendant from thereafter attacking the conviction in which the prior conviction was utilized, overruling *Smith v. State*, 486 S.W.2d 374 (Tex.Cr.App.1972). Judge Clinton, who wrote the panel opinion on original submission, concurred on the ground that the majority had established a new

policy, and thus he would accept the new policy. See and cf. *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir.1981).

The State argues that the policy only recently adopted in *Hill* should not be departed from. See *Ex parte Ridley*, 658 S.W.2d 177 (Tex.Cr.App.1983), citing *Hill* with approval.[2]

We adhere to *Hill* and hold that under the circumstances here presented applicant's contention is without merit.

The relief prayed for is denied.

CLINTON, Judge, dissenting.

The jury assessed punishment at confinement for fifty years after finding an allegation of a prior conviction to be true. Without that enhancement the maximum allowable for the primary offense is twenty years. What makes the situation in which applicant finds himself so troublesome is that the judgment of the prior conviction has since been set aside by the convicting court—just as applicant has been protesting since at least 1981 that it should have been.

The majority points out, however, that appellant (meaning his lawyer) did not object to use of the record of the prior conviction and, perforce, the ultimate opinion of this Court in *Hill v. State*, 633 S.W.2d 520, 523 (Tex.Cr.App.1982) (Opinion on State's Motion for Rehearing) dictates that applicant be foreclosed from attacking utilization of that prior conviction. As one who reluctantly acceded to the shift in policy announced in *Hill* because "if the Court wills it, so be it," *id.*, at 525, I note that subsequent developments cast much doubt as to extent of its application, thereby implicating validity of its rationale.

Thus when the Tyler Court of Appeals followed *Hill* in *Duplechin v. State*, 654 S.W.2d 20 (Tex.App.—Tyler 1983) and precluded an appellant from attacking a conviction used for enhancement on grounds that the indictment was invalid, this Court

2. See *Ex parte White*, 659 S.W.2d 434 (Tex.Cr. App.1983), in which *Hill* was distinguished in situations where the charging instruments were void and never invoked the court's jurisdiction.

found that the court of appeals erred in concluding that nothing was presented for review, vacated its judgment and remanded the cause for reconsideration on the grounds of error presented. The per curiam opinion held that *Hill* was not controlling since there the contention was that Hill was without counsel at the time of conviction. *Duplechin v. State,* 652 S.W.2d 957 (Tex.Cr.App.1983). Accord: *Ex parte White,* 659 S.W.2d 434 (Tex.Cr.App. 1983) (*Hill* distinguishable when charging instrument is void so that trial court never acquired jurisdiction). Obviously, already application of *Hill* had been limited.[1]

A considerable rationale espoused in *Hill* for its notion that a contemporaneous objection rule ought to be laid down is twofold: to allow attacks on a current conviction for defects in an old prior conviction "overburdens the courts and tends to lower the quality of justice dispensed by the courts." Though the former may be imagined—just as the majority did, *Hill,* supra, at 525—the latter is such an amorphous proposition that the majority did not even undertake to conjure up support for it. The "quality of justice" dispensed thus far in the instant case belies the proposition: applicant confronts confinement at thirty years more than the law actually allows. If that kind of "justice" does not shock, it must surely unsettle the conscience of all but the most calloused.

Its dubious rationale aside, *Hill's* principal vice lies in the breadth of its stated holding, *viz:*

"Therefore, we hold that the failure to object at trial to the introduction of proof of an allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction."

*Hill* is thus at war with traditional habeas corpus authority. See, e.g., *Millard v. State,* 587 S.W.2d 703, 705 (Tex.Cr.App. 1979). Contrary to Article I, § 12, Constitution of the State of Texas, *Hill* denies that the Great Writ is one of right and practically suspends it. The form of a contemporaneous objection rule is exalted over the substance of relief from confinement and restraint of liberty.

During the two years following the *Hill* opinion on rehearing this Court has been moved to "distinguish" it rather than adhere to the change of policy *Hill* pronounced.

If *Hill* is not squarely overruled, as it ought to be, at least we should extend the limitations already made as to its applicability. See *Duplechin v. State* and *Ex parte White,* both supra. Just as a judgment of conviction entered by a trial court on an invalid indictment is void, so is one rendered on a plea of guilty that is not made intelligently and voluntarily. *Boykin v. Alabama,* 395 U.S. 238, 242–244, 89 S.Ct. 1709, 1711–1713, 23 L.Ed.2d 274 (1969); *Ex parte Lewis,* 587 S.W.2d 697 (Tex.Cr.App. 1979); see and compare *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 756–758, 90 S.Ct. 1463, 1473–1474, 25 L.Ed.2d 747 (1970).

On original submission we granted applicant the relief for which he prayed, with an opinion written by the author of *Hill* on rehearing. To a contrary disposition today, I respectfully dissent.

TEAGUE, Judge, dissenting.

I dissent because I find the majority opinion fails to address the critical issue in

---

1. On the other hand, though a prior judgment for conviction is admittedly invalid (in that the same jury that decided guilt also determined competency to stand trial), a majority of this court invoked *Hill* to reject a collateral attack on a subsequent assessment of punishment enhanced by the "infirm prior conviction." *Ex parte Ridley,* 658 S.W.2d 177 (Tex.Cr.App.1983). Characterizing its own result as "paradoxical," the majority faults "the view that one need not be in custody as a result of a conviction to collaterally attack that conviction" for the consequential effect that, while applicant may collaterally attack the prior infirm judgment in the convicting court that rendered it, "his failure to object to the introduction of this conviction in the subsequent ... case precludes him from obtaining any meaningful relief as a result of today's action by this Court," *id.,* at 178, n. 1. The blame, it seems to me now, lies at the feet of *Hill.*

this cause, namely, whether applicant's court appointed trial counsel was ineffective at the punishment stage of the trial because he failed to investigate prior to trial the validity of the alleged prior Colorado conviction that was used to enhance applicant's punishment. The court in which the conviction occurred ruled after applicant's appeal had been affirmed that the conviction was invalid.

The record reflects that applicant challenged the validity of the conviction solely through the use of the United States Postal Service.

The majority holds that because applicant's trial counsel did not object to the admission into evidence of the conviction at the punishment stage of the trial, and because appellant pled "true" to the allegation, he waived any error. The majority mistakenly relies upon *Hill v. State*, 633 S.W.2d 520 (Tex.Cr.App.1982), for authority.

I have carefully re-read *Hill v. State*, supra, but do not find therein where this Court ever addressed the question, whether counsel's failure to object to the admission into evidence of an invalid conviction at the punishment stage of the trial causes him to become ineffective counsel.

The hearing that was held in this cause reflects that prior to trial, applicant's counsel was aware of the alleged prior felony conviction that occurred in the State of Colorado. However, the record is also clear that counsel never made any formal investigation regarding the validity of the conviction. As noted, the Colorado conviction has now been determined by the convicting court to be an invalid conviction.

I believe that when the majority opinion refers to the fact that prior to trial, trial counsel for applicant saw the "pen papers" that pertained to the Colorado conviction, and "discussed" with applicant the Colorado conviction, it is implicitly holding that this rendered counsel effective counsel, thus resolving the issue, whether applicant had the effective assistance of counsel at the punishment stage of the trial, against applicant.

The record, however, reflects that when counsel discussed with applicant the conviction from Colorado, he asked applicant if he thought the Colorado conviction was "any good." Applicant correctly responded: "I guess so, I don't really know." The majority opinion then makes what I find to be one of the most startling statements I have ever read since becoming a licensed attorney: "He [applicant] did not request counsel to make an investigation of the Colorado conviction." Pray tell, since when does a lay person have the responsibility of advising his attorney whether a prior felony conviction is or is not a valid conviction? If the client has the responsibility of telling his court appointed attorney what he must do to prepare for trial, then why have counsel prior to trial on the merits?

I find that the majority opinion's statements regarding the fact that counsel read the "pen papers" prior to trial a little misleading because the statements imply the "pen papers" consist of everything that one would want to know about the conviction. However, a careful reading of the "pen papers" reflects they are just that, namely, "pen papers" and nothing more. The papers reflect the usual authentication and certification page, the physical description and personal background page, and a "mittimus to the penitentiary" page, which page represents nothing more than an order of commitment addressed to the authorities of the penitentiary.

I find it rather interesting that the majority fails to mention or discuss this Court's decision of *Ex parte Scott*, 581 S.W.2d 181 (Tex.Cr.App.1979), which I find has many similarities to this cause. In fact, I find that *Scott*, supra, should control this cause. There, the applicant Scott claimed, inter alia, that his conviction and sentence were void because his trial counsel did not investigate the alleged prior convictions to make the determination whether they corresponded with the allegations of the indictment. This Court pointed out that the record reflected the following:

[T]rial counsel ... did not investigate and determine that the allegations of the indictment concerning the prior convictions were untrue—that is, that petitioner had not been convicted of the offense in Harris County before he committed the offense in Fort Bend County—before advising the petitioner to enter into the stipulation that the allegations were true.

This Court held that had trial counsel for Scott made an investigation, he would have found that the prior convictions did not correspond to what was alleged in the indictment. Such failure to investigate caused this Court to hold that the applicant Scott did not receive the effective assistance of counsel and ordered the conviction and sentence set aside.

I firmly believe that where an indictment alleges one or more prior convictions for enhancement of punishment purposes, it is incumbent upon counsel for the accused to investigate the alleged conviction or convictions in order to make the determination whether such is at least facially valid. Of course, under *Scott,* supra, he should also investigate in order to make sure that the prior conviction or convictions correspond with what is alleged in the indictment.

In this instance, the record clearly reflects that trial counsel for applicant made no formal investigation to determine whether the prior felony conviction was a valid conviction. However, it has now been determined that the conviction is invalid. Applicant is entitled to relief.

I also find that the majority opinion's reliance upon *Hill v. State,* supra, to be misplaced for the reasons Justice Thornberry of the Fifth Circuit Court of Appeals stated in the opinion of *Vela v. Estelle,* 708 F.2d 954 (5th Cir.1983), which he authored for a panel of the Court. Rehearing was denied by the Court sitting en banc. After carefully rereading *Vela v. Estelle,* supra, and comparing what was stated therein with what this Court had stated in *Vela v. State,* 516 S.W.2d 176 (Tex.Cr.App.1974), it appears to me that the approach the majority takes in this cause is the same approach this Court took in disposing of the defendant Vela's contention that his counsel was ineffective, which issue was raised by way of post-conviction writ of habeas corpus, through which he obtained relief in the Fifth Circuit.

I also find that as a matter of Sixth Amendment Constitutional law, the applicant has established there is a reasonable probability that but for trial counsel's error in failing to properly investigate the validity of the alleged prior felony conviction from Colorado, a different result would have been reached. E.g., *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

To the failure of the majority of this Court to grant applicant the relief he is entitled to receive, I respectfully dissent.