Yeary, J., filed a dissenting opinion in which Keller, P.J., joined.
*286 Applicant was convicted of the offense of possession of a firearm by a felon, under Section 46.04 of the Penal Code, a third degree felony, which carries a range of punishment of two to ten years in the penitentiary. TEX. PENAL CODE § 46.04(a)(1) & (e) ; § 12.34(a). The same prior felony conviction used to establish his status as a felon when he possessed the firearm was also alleged in one of two enhancement paragraphs that served to boost his exposure to that of an habitual offender-25 years to life. TEX. PENAL CODE § 42.12(d). He received a forty year sentence. For the first time in this initial application for writ of habeas corpus, he alleges that it was impermissible to use to same prior felony conviction twice, first to establish his status as a felon, which is elemental to the offense, and then to enhance the range of punishment to which he was exposed for that offense. The Court today summarily grants relief on the basis of this claim.
In my view, the Court grants relief prematurely. I would not grant relief solely on the basis of the improper enhancement itself-at least not without first addressing the question of whether it is appropriate to grant substantive habeas corpus relief on the basis of such a claim when it could have been raised before. Applicant also alleges that his trial counsel provided constitutionally ineffective assistance of counsel for failing to object to the impermissible enhancement. I would certainly be amenable to remanding the cause for further fact development with respect to this alternative allegation of ineffective assistance of trial counsel. But because the Court grants relief on the substantive claim and refuses to remand the cause for exploration of the ineffective counsel claim, I dissent.
This Court long ago held that it was improper in a prosecution for possession of a firearm by a felon to use the same prior felony both to establish that element of the offense and to enhance the punishment under separate enhancement provisions in the Penal Code. We did so both under the former penal code and under the current penal code; and, in both cases, we granted appellate relief even though the claim was apparently brought for the first time on appeal, in the absence of any trial objection. Garcia v. State , 169 Tex.Crim. 487, 335 S.W.2d 381, 381-82 (1960) ; Ramirez v. State , 527 S.W.2d 542, 543-44 (Tex. Crim. App. 1975). In neither case did we expressly address the propriety of entertaining the claim when raised for the first time on appeal.
I have not found a reported case in which we have granted relief on the basis of Garcia / Ramirez in the context of a post-conviction application for habeas corpus relief-much less explained why granting such relief when raised for the first time in post-conviction habeas corpus proceedings is appropriate.[1] Arguably, to grant such relief in habeas proceedings would simply constitute an application of the principle, later expressly articulated in our case law, that "[a] trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence."
*287 Mizell v.State , 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). We have said that no contemporaneous objection is required to preserve such a complaint in an appellate or post-conviction habeas court. See ids="9077481" index="4" url="https://cite.case.law/sw3d/119/804/#p806">id. at 806 n.6 ("Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence.").[2] I presume that is the principle the Court relies on today, though it does not say so in its summary order granting relief.
However, after Garcia and Ramirez were decided, the Court handed down its opinion on rehearing in a case called Hill v. State , 633 S.W.2d 520 (Tex. Crim. App. 1982) (op. on reh'g). On original submission in Hill , the Court had set aside the conviction because one of the prior convictions used to enhance the punishment to habitual status had later proven to be invalid on the ground that the appellant had not had the assistance of counsel when he appeared in court for the pronouncement of sentence. Id. at 522 (op. on orig. subm.). The court reversed itself on rehearing, holding that "the failure to object at trial to the introduction of proof of a[n] allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction." Id. at 525 (op. on reh'g). And we soon applied the holding of Hill to deny relief for claims of improper enhancement raised for the first time in post-conviction habeas corpus proceedings. See Ex parte Ridley , 658 S.W.2d 177 (Tex. Crim. App. 1983) ("The failure to object at trial to the introduction of an infirm prior conviction precludes the defendant from thereafter collaterally attacking the conviction that utilized the infirm prior conviction."); Ex parte Cashman , 671 S.W.2d 510, 512 (Tex. Crim. App. 1984) (op. on. reh'g) (refusing to grant habeas relief with respect to a claim that one of the prior convictions used to enhance had been invalidated because the applicant had made no trial objection to the use of the prior conviction to enhance, relying on Hill and Ridley ).
It thus appears that the principle that an "illegal sentence" may be raised "at any time," regardless of whether there was a contemporaneous objection lodged at trial, does not apply with respect to improper-enhancement claims-or at least not all (and maybe not even most ) improper-enhancement claims. See George E. Dix & John M. Schmolesky, 43B TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 59:55, at 886-87 (3d ed. 2011) (" Hill and *288 Cashman thus bar habeas attack-if no proper trial demand for relief was made-when a habeas applicant asserts that a prior conviction used for enhancement was tainted by denial of his constitutional right to counsel or by permitting the same jury that found him competent to also determine guilt or innocence. An applicant relying upon the State's use of such a prior conviction must most likely both plead and prove both the invalidity of the prior conviction and a trial request for appropriate trial relief.").
Since the Court decided Hill and Cashman , it has qualified their holdings. Even in Hill itself, the Court acknowledged that an objection might not be required to collaterally attack prior convictions "based upon void charging instruments." 633 S.W.2d at 523 (op. on reh'g).[3] And, indeed, in subsequent cases, we continued to grant post-conviction habeas corpus relief to reverse convictions with enhanced sentences based upon prior convictions that were predicated on fundamentally defective indictments, since such indictments had deprived the convicting courts-in those prior convictions-of jurisdiction to render judgments in the first place. See , e.g. , Duplechin v. State , 652 S.W.2d 957, 957-58 (Tex. Crim. App. 1983) (distinguishing Hill on the basis that the prior conviction had been based upon a fundamentally defective indictment, and granting relief on appeal despite the lack of a trial objection); Ex parte White , 659 S.W.2d 434, 435-36 (Tex. Crim. App. 1983) (continuing to grant post-conviction habeas corpus relief for a claim that an enhancement had been improper, notwithstanding Hill , because the prior conviction had been predicated on a fundamentally defective charging instrument); Ex parte Todd , 669 S.W.2d 738, 739 (Tex. Crim. App. 1984) (granting post-conviction habeas corpus relief because "[i]t is an exception to the [ Hill ] rule that ... the prior conviction complained of is based on a void indictment").[4]
But the Court has not laid out what other types of defect in a prior conviction may serve to obviate Hill 's contemporaneous objection requirement. And, specifically, insofar as I can tell, since Hill was decided the Court has never addressed whether the error of using the same prior conviction both to establish the "felony" element of a prosecution for unlawful possession *289 of a firearm by a felon and to enhance the punishment, which Ramirez and Garcia deemed improper prior to Hill , falls under the Hill rule requiring a contemporaneous objection, or the Hill exception for "fundamental" defects. Until we do, the Court should not summarily grant relief based upon a substantive Ramirez / Garcia claim.
What is more, even if the Hill exception should apply, rather than the rule, that would mean that Applicant could have raised his Ramirez / Garcia claim for the first time on direct appeal. We suggested in Ex parte Rich that the failure to do so may itself constitute a procedural default that would prohibit a later collateral attack on post-conviction habeas corpus. See 194 S.W.3d 508, 513 & n.9 (Tex. Crim. App. 2006) (noting that "our holdings in Ex parte Nelson , 137 S.W.3d 666 (Tex. Crim. App. 2004), and Ex parte Townsend , 137 S.W.3d 79 (Tex. Crim. App. 2004), limit the ability of inmates to bring claims on habeas corpus that they could have raised on direct appeal," but declining to impose that limitation to Rich himself because the impropriety of the enhancement in his case was not apparent from the appellate record). In other contexts, we have lately addressed the question of whether an error that can be, but is not, raised for the first time on appeal is thereby procedurally defaulted for purposes of raising it in post-conviction habeas corpus proceedings. Cf. Ex parte Carter , 521 S.W.3d 344, 347-48 (Tex. Crim. App. 2017) (because applicant could have raised his improper-cumulation claim for the first time on appeal, but did not, he forfeited it for purposes of post-conviction habeas corpus relief, under Townsend ); Ex parte Marascio , 471 S.W.3d 832, 834-36 (Tex. Crim. App. 2015) (Keasler, J., concurring) (inquiring whether an issue, not subject to contemporaneous objection at trial in order to be raised on appeal, may nevertheless be procedurally defaulted for post-conviction habeas corpus purposes by not raising it on appeal). The Court should not grant substantive Ramirez / Garcia relief without first addressing this issue here as well, if necessary.
It is hard to imagine a valid excuse trial counsel may have had not to object at trial in this case. Applicant may well obtain post-conviction relief eventually, if only on the basis of his claim of ineffective assistance of trial counsel. Granting relief on that basis would not necessitate addressing any of the questions that arise with respect to the propriety of granting substantive Ramirez / Garcia relief, as the Court does today-but without acknowledging, much less addressing those questions. Trial counsel has not responded to Applicant's claim, and I would remand the cause to give him that opportunity. Because the Court does not, I respectfully dissent.

In Ex parte Garcia , 578 S.W.2d 141 (Tex. Crim. App. 1979), the Court did grant post-conviction habeas corpus relief based upon a claim of improper enhancement in a prosecution for unlawful possession of a firearm by a felon. But the impropriety was not that the same prior felony was used both to prove an element and to enhance. Instead, one of the prior convictions used to enhance was a federal felony which was later vacated by the federal court.

The cases that support this proposition mostly involved assessment of a punishment that was simply unauthorized by statute. See , e.g. , Ex parte Harris , 495 S.W.2d 231, 232 (Tex. Crim. App. 1973) (granting post-conviction habeas corpus relief because the applicant had been assessed an enhanced sentence even though the State had dismissed the enhancement paragraphs, thus constituting an unauthorized sentence); Ex parte McIver , 586 S.W.2d 851, 854 (Tex. Crim. App. 1979) (declaring a judgment reflecting a sentence of confinement followed by probation to be void because such a punishment was unauthorized by law); Ex parte Miller , 921 S.W.2d 239 (Tex. Crim. App. 1996) (holding that a state-jail felony sentence enhanced under regular felony enhancement provisions was prohibited by law and exceeded the statutory maximum); Ex parte Beck , 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (same). In Ex parte Rich , 194 S.W.3d 508, 513 (Tex. Crim. App. 2006), we seemed to apply this principle in the context of defective enhancements. One of the enhancement paragraphs alleged a prior felony, but later evidence showed that it had been reduced to a misdemeanor, and thus was not available for felony enhancement. Id. at 510. But we also observed that "[t]he fact that the record on direct appeal would not have revealed that there was a problem with Applicant's sentence makes habeas corpus the appropriate avenue for affording him relief." Id. at 513. Whether the principle should apply to justify habeas corpus relief when the appellate record does affirmatively reveal the defect in the enhancement process, as in the present case, remains unclear.

In several pre-Hill cases, the Court had granted relief in post-conviction habeas corpus cases on claims of improper enhancement because one of the prior convictions used to enhance had been based upon a fundamentally faulty charging instrument. Ex parte Sanford , 562 S.W.2d 229, 230 (Tex. Crim. App. 1977) ; Ex parte Howeth , 609 S.W.2d 540, 541 (Tex. Crim. App. 1980) ; Ex parte Nivens , 619 S.W.2d 184, 185 (Tex. Crim. App. 1981). We explained in Nivens that we were granting relief "despite the fact [that] the petitioner offered no objection" to the charging instrument at the time of trial, but we did not explain why that should be so. 619 S.W.2d at 185.

Of course, since the 1985 amendment that added Subsection (b) to Article 1.14 of the Code of Criminal Procedure, there are precious few defects in a charging instrument that will render it "fundamentally defective" in the sense that would justify habeas corpus relief. See Acts 1985, 69th Leg., ch. 577, § 1, p. 2197, eff. Dec. 1, 1985 (requiring a trial level objection to defects of form or substance in a charging instrument before a defendant may raise any such complaint on appeal or in post-conviction proceedings); George E. Dix & John M. Schmolesky, 42 Texas Practice: Criminal Practice and Procedure § 25:18, at 32-33 (3d ed. 2011) ("The 1985 changes appeared for all practical purposes to abolish the category of 'fundamental' defects, at least insofar as a matter constitutes 'a defect, error, or irregularity of form or substance in an indictment or information.' Such matters must be raised before trial under Article 1.14(b) of the Code of Criminal Procedure and therefore are by statute 'nonfundamental' in the traditional sense."); Studer v. State , 799 S.W.2d 263 (Tex. Crim. App. 1990).