

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0032-19

**RONALD RUDOLPH RODRIGUEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### COMAL COUNTY

**YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

## DISSENTING OPINION

I dissent to the Court's failure to grant discretionary review in this case. It represents

another incarnation of an issue I have been urging the Court to tackle for some time now, to

no avail. The Third Court of Appeals held that the use of a prior felony conviction to enhance

Appellant's sentence was improper because part of the evidence the State offered to establish

the prior felony conviction suggested that the offense committed was actually no more than

a state jail felony, unavailable for habitual enhancement under Section 12.42(d) of the Penal

Code. *See* TEX. PENAL CODE § 12.42(d) (providing for a punishment range of 25 years to life

upon a felony conviction if the defendant has been convicted of two sequential prior felony convictions other than a state jail felony).

Appellant did not complain in the trial court that the prior conviction should not have been used against him to impose habitual punishment under Section 12.42(d). Nevertheless, because the court of appeals believed that the State's use of the prior conviction for enhancement resulted in an illegal sentence, which this Court has declared to be subject to challenge even when raised for the first time at almost any stage of post-conviction review,[1] it reversed the trial court's judgment and remanded the cause for a new punishment proceeding. *Rodriguez v. State*, No. 03-18-00260-CR, 2018 WL 6425018, at *9–14 (Tex. App.—Austin Dec. 7, 2018) (mem. op., not designated for publication). I am not convinced that Appellant should be permitted to challenge his sentence in this case by arguing for the first time on appeal that his prior third-degree felony conviction, which the State relied upon to enhance his punishment, was only a state jail felony conviction. I would grant the State's petition for discretionary review to examine the court of appeals' disposition of the case.

## BACKGROUND

A jury found Appellant guilty of possession of methamphetamine in a correctional facility, a third-degree felony. At punishment, the State proceeded with evidence of two prior felony convictions it had alleged in the indictment for habitual enhancement purposes under

---

[1] *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence.").

Section 12.42(d).[2] One of the prior convictions alleged to enhance Appellant's punishment to habitual offender status was a third-degree felony theft conviction. In order to prove that prior theft conviction, the State introduced the indictment and the judgment, the latter of which recited that he was convicted of a third-degree felony. The indictment alleged that Appellant committed the theft "on or about" September 27, 1994.[3] The judgment, however, recited that Appellant was convicted of having committed the offense, not "on or about," but "on" September 27, 1994. Unfortunately for the State, if the particular theft Appellant was shown to have committed (property valued at less than $1,500, with two prior theft convictions) really did occur "on" September 27, 1994, then the judgment should only have reflected conviction for a state jail felony, which may not be used for habitual enhancement purposes under Section 12.42(d). *See* Acts 1993, 73rd Leg., ch. 900, § 1.01, p. 3638, eff. Sept. 1, 1994 (amending TEX. PENAL CODE § 31.03(e) to lower the punishment for theft under these circumstances from a third-degree felony to a state jail felony). The enhancement allegations were nevertheless found to be true, and Appellant received a life sentence for the

---

[2] Section 12.42(d) of the Penal Code provides for a punishment range of twenty-five to ninety-nine years or life in the penitentiary "if it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final[.]" TEX. PENAL CODE § 12.42(d). However, it also expressly provides that "[a] previous conviction for a state jail felony . . . may not be used for enhancement purposes under this subsection." *Id*.

[3] *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) ("It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period.").

possession-in-a-correctional-facility conviction.

For the first time on appeal in this case—nearly a dozen years after his prior conviction for third-degree felony theft became final, and without previously attacking that final conviction through a post-conviction application for writ of habeas corpus—Appellant argued that the trial court erred to allow the enhancement of his punishment with this particular final prior theft conviction. The court of appeals agreed, holding that the judgment recitation that Appellant committed the offense "on"—not just "on or about"—September 27, 1994, established that the prior theft offense was not a third-degree felony, as stated in the judgment, but only a state jail felony. It therefore concluded that the prior theft conviction was not the kind of felony that is required for habitual enhancement under Section 12.42(d). *Rodriguez*, 2018 WL 6425018, at *13.[4] Even though the judgment also recited that Appellant was convicted of a third-degree felony, the court of appeals concluded that the punishment he received in that case—a ten year sentence, originally suspended, but later imposed after his community supervision was revoked—was unauthorized, thereby voiding the theft conviction and rendering it unavailable for later enhancement under Section 12.42(d). *Id*. at 14. The State has now challenged this holding on discretionary review.

## ILLEGAL SENTENCE?

As I have expressed in recent dissents, I do not disagree in principle with the

---

[4] Appellant was originally placed on community supervision for the prior theft conviction, but that community supervision was later revoked. The judgment revoking his community supervision likewise recited that the offense occurred "on" September 27, 1994. *Id.*

proposition that truly "illegal sentences" ought to be subject to remedial court action even when raised for the first time on collateral attack. *See Ex parte Pue*, 552 S.W.3d 226, 239 (Tex. Crim. App. 2018) (Yeary, J., dissenting) ("I have no quarrel with the notion that an 'illegal sentence'—that is to say, a sentence that on its face falls outside the range of punishment authorized by law—should be regarded as cognizable even if complained of for the first time in post-conviction habeas proceedings."); *Ex parte Clay*, 539 S.W.3d 285, 286–87 & n.2 (Tex. Crim. App. 2018) (Yeary, J., dissenting) (recognizing *Mizell*, but observing that "[t]he cases that support this proposition mostly involved assessment of a punishment that was simply unauthorized by statute"). But I have also argued that the "principle that an 'illegal sentence' may be raised 'at any time,' regardless of whether there was a contemporaneous objection lodged at trial, does not apply with respect to improper enhancement claims—or at least not *all* (and maybe not even *most*) improper-enhancement claims." *Pue*, 552 S.W.3d at 240 (Yeary, J., dissenting) (citing 43B George E. Dix & John M. Schmolesky, TEXAS CRIMINAL PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §59:55, at 886–87 (3d ed. 2011)); *Clay*, 539 S.W.3d at 287 (same).

As in *Pue* and *Clay*, the prior conviction that the State used in the case to enhance Appellant's sentence is being challenged for the first time in a collateral attack—albeit a collateral attack of a prior conviction in the direct appeal of the primary conviction that was enhanced. We long ago held that such prior convictions could not be collaterally attacked on direct appeal in the absence of a trial level objection, subject to a very limited exception. In

1982, this Court handed down its opinion on rehearing in a case called *Hill v. State*, 633 S.W.2d 520 (Tex. Crim. App. 1982) (op. on reh'g). On original submission in *Hill*, a case which, like this case, was addressed on direct appeal, the Court had set aside the conviction because one of the prior convictions used to enhance the punishment to habitual status had later proven to be invalid on the ground that the appellant had not had the assistance of counsel when he appeared in court for the pronouncement of sentence. *Id*. at 522 (op. on orig. subm.). The Court reversed itself on rehearing, however, holding that "the failure to object at trial to the introduction of proof of a[n] allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction." *Id*. at 525 (op. on reh'g).

There was one exception that *Hill* recognized. Even in *Hill* itself, the Court acknowledged that an objection might not be required to collaterally attack prior convictions "based upon void charging instruments." *Id*. at 523.[5] And, indeed, in subsequent cases, we continued to allow collateral attacks upon convictions with enhanced sentences based upon prior convictions that were predicated on fundamentally defective indictments, since such indictments had deprived the convicting courts—in those prior convictions—of jurisdiction

---

[5] In several pre-*Hill* habeas cases, the Court had granted relief in post-conviction habeas corpus cases on claims of improper enhancement because one of the prior convictions used to enhance had been based upon a fundamentally faulty charging instrument. *Ex parte Sanford*, 562 S.W.2d 229, 230 (Tex. Crim. App. 1977); *Ex parte Howeth*, 609 S.W.2d 540, 541 (Tex. Crim. App. 1980); *Ex parte Nivens*, 619 S.W.2d 184, 185 (Tex. Crim. App. 1981). We explained in *Nivens* that we were granting relief "despite the fact [that] the petitioner offered no objection" to the charging instrument at the time of trial, but we did not explain why that should be so. 619 S.W.2d at 185.

to render judgments in the first place. *See, e.g.*, *Duplechin v. State*, 652 S.W.2d 957, 957–58 (Tex. Crim. App. 1983) (distinguishing *Hill* on the basis that the prior conviction had been based upon a fundamentally defective indictment, and granting relief on appeal despite the lack of a trial objection); *Ex parte White*, 659 S.W.2d 434, 435 (Tex. Crim. App. 1983) (continuing to grant post-conviction habeas corpus relief for a claim that an enhancement had been improper, notwithstanding *Hill*, because the prior conviction had been predicated on a fundamentally defective charging instrument); *Ex parte Todd*, 669 S.W.2d 738, 739 (Tex. Crim. App. 1984) (granting post-conviction habeas corpus relief because "[i]t is an exception to the [*Hill*] rule that . . . the prior conviction complained of is based on a void indictment").[6]

But the Court has yet to explain what other defects in prior convictions—making them unfit for use to enhance subsequent sentences—may serve to obviate *Hill*'s contemporaneous objection requirement. Specifically, should Appellant have to object at trial to an apparent conflict in the judgment of a prior conviction that has been alleged for enhancement purposes before he may bring an appellate challenge to the use of that prior conviction? Here, there

---

[6] Of course, since the 1985 amendment that added Subsection (b) to Article 1.14 of the Code of Criminal Procedure, there are precious few defects in charging instruments that will render them "fundamentally defective" in the sense that would justify habeas corpus relief. *See* Acts 1985, 69th Leg., ch. 577, § 1, p. 2197, eff. Dec. 1, 1985 (requiring a trial level objection to defects of form or substance in a charging instrument before a defendant may raise any such complaint on appeal or in post-conviction proceedings); 42 George E. Dix & John M. Schmolesky, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §25:18, at 32-33 (3d ed. 2011) ("The 1985 changes appeared for all practical purposes to abolish the category of 'fundamental' defects, at least insofar as a matter constitutes 'a defect, error, or irregularity of form or substance in an indictment or information.' Such matters must be raised before trial under Article 1.14(b) of the Code of Criminal Procedure and therefore are by statute 'nonfundamental' in the traditional sense."); *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990).

was an apparent conflict in the enhancement-offense judgment: a recitation that Appellant was convicted of a third-degree felony, but another recitation—that the offense occurred on September 27, 1994—that, if true, would render the first recitation inaccurate. Had Appellant objected at trial that he could not be enhanced on the basis of such a judgment—or, better yet, had he timely challenged that prior conviction in a post-conviction application for writ of habeas corpus—the conflict could potentially have been addressed and resolved.[7] It might even have been resolved in such a way that the State could use the prior conviction to enhance after all.[8] In any event, unlike the quintessential "illegal sentence" scenario,[9] it is not

_____

[7] This case is thus distinguishable from *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006), in which we granted post-conviction habeas corpus relief on the basis of the State's erroneous use of a prior conviction for enhancement purposes. The invalidity of the prior conviction could not have been ascertained at the time of trial, we said, and thus it was appropriate to grant relief based upon the further factual development that post-conviction habeas corpus proceedings afford. *Id*. at 511. *See Pue*, 552 S.W.3d at 240 (Yeary, J., dissenting) (distinguishing *Rich* and observing that "[w]hether the 'illegal sentence' principle should apply to justify habeas corpus relief when the appellate record *does* affirmatively reveal the defect in the enhancement process, as in the present case, remains uncertain from our case law"); *Clay*, 539 S.W.3d at 287 n.2 (Yeary, J. dissenting) (same). Here, the defect in the prior conviction, if there was one, would have been apparent at trial from the seemingly inconsistent recitations in the judgment of the prior theft conviction.

[8] In *Hill*, the appellant challenged his prior conviction in a post-conviction application for writ of habeas corpus while the conviction which had relied upon that prior conviction was pending in this Court on direct appeal. *See Hill*, 633 S.W.2d at 521–23 (panel opinion on original submission). In our opinion on original submission, we both granted post-conviction relief on the prior conviction and then also granted appellate relief on the conviction on appeal based on the post-conviction relief granted contemporaneously in the prior conviction. *Id*. at 522–23. But on rehearing en banc, the Court reversed itself, holding that the appellate relief was inappropriate in the absence of a trial objection. *Id*. at 525 (opinion on rehearing en banc). Here, Appellant failed even to seek habeas relief in his prior theft conviction before seeking relief in this appeal. The court of appeals opinion nevertheless declared Appellant's prior theft conviction to have been "void." *Rodriguez*, 2018 WL 6425018, at *14. But nothing in the present record on appeal definitively shows this to be true.

In any event, we have previously determined that, in a collateral attack arguing "illegal

indisputably clear that Appellant's jury could not have resolved the conflict in the judgment—assuming it even had any basis to comprehend the legal significance of the conflict—by finding that the recitation of the date the offense was committed was mistaken.[10]

_____

sentence" because of an invalid prior conviction used to enhance punishment, the enhancement will not be nullified so long as the record reveals a lack of harm from the use of the prior conviction—that is to say, unless the record shows there was not some other legitimate felony that could have been used to effectuate the enhancement. *Ex parte Parrott*, 396 S.W.3d 531, 538 (Tex. Crim. App. 2013). By raising this claim on direct appeal from a conviction that utilized the prior theft conviction for enhancement, Appellant seems to have avoided the ordinary burden in a collateral attack to show that no other prior felony could have been substituted for the one used if a timely objection had been raised.

[9] The cases that support this proposition mostly involved assessment of a punishment that was simply unauthorized by statute. *See, e.g.*, *Ex parte Harris*, 495 S.W.2d 231, 232 (Tex. Crim. App. 1973) (granting post-conviction habeas corpus relief because the applicant had been assessed an enhanced sentence even though the State had dismissed the enhancement paragraphs, thus constituting an unauthorized sentence); *Ex parte McIver*, 586 S.W.2d 851, 854 (Tex. Crim. App. 1979) (declaring a judgment reflecting a sentence of confinement followed by probation to be void because such a punishment was unauthorized by law); *Ex parte Miller*, 921 S.W.2d 239 (Tex. Crim. App. 1996) (holding that a state-jail felony sentence enhanced under regular felony enhancement provisions was prohibited by law and exceeded the statutory maximum); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (same).

[10] This Court has said that the State carries the burden to prove enhancement counts, and that it must do so to a level of confidence beyond a reasonable doubt. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). For the latter proposition, however, *Flowers* cited no precedent. Professors Dix and Schmolesky have also asserted that enhancement counts must be proved beyond a reasonable doubt, but they also fail to cite any authority for that proposition. 43A George E. Dix & John M. Schmolesky, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §46:78, at 136 (3d ed. 2011). That proposition, however, does not seem to me to be utterly unassailable.

The United States Supreme Court has said that the Sixth and Fourteenth Amendments guarantee to the accused the right to a jury resolution of any issue of fact, under the standard of proof beyond a reasonable doubt, that impacts the upper range of punishment in a criminal case. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). But the Supreme Court exempted evidence of recidivism from the Sixth and Fourteenth Amendments' guarantee. *See id*. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). With respect to prior convictions used to enhance punishment, the Supreme Court explained that

While the indictment alleged the offense was committed "on or about" September 27, 1994, the offense might actually have been committed before September 1, 1994, in which case it would have indeed constituted a third-degree felony and could have been used to enhance Appellant's punishment.[11]

The Court should at least grant the State's petition for discretionary review in this case to decide whether the defect in the judgment for the underlying theft conviction falls within

> there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

*Id*. at 496. Because prior convictions have already been established by proof beyond a reasonable doubt, it may well be constitutionally acceptable for the State to establish them for enhancement purposes in a later prosecution by some lesser standard than proof beyond a reasonable doubt.

[11] Under a comparable scenario, this Court has held that it was within a trial court's discretion to cumulate sentences even though the date of the offense, as set out in the judgment, would not have allowed for stacked sentencing. In *Bonilla v. State*, 452 S.W.3d 811 (Tex. Crim. App. 2014), the indictment alleged four counts of indecency with a child, committed against two victims. The date that two of the offenses were alleged to have occurred against one of the child victims was "on or about January 1, 1995[.]" *Id*. at 813. Moreover, the judgment apparently recited that the two offenses against that victim actually did occur on that specific date. *Id*. at 815; *see also id*. at 823 & 826 (Price, J., dissenting) (stating that the written judgment reflected that the offenses occurred on (not "on or about") "1/1/1995"). This date was prior to the effective date of the statutory amendment, however, that first authorized cumulation of punishments even of offenses prosecuted together that arise out of the same criminal episode. *Id*. But the Court held that the "[t]he indictment (or judgment) date is not determinative. The evidence determines whether the trial judge has discretion to cumulate sentences." *Id*. at 816. We expressly rejected Bonilla's argument that "the 1995 date set out in the judgment [was] dispositive." *Id*. at 817. Absent an objection, we held, the trial court was not obliged to conclude that cumulation was improper. *Id*. at 817 & 818. Moreover, we so held even in the face of a separate opinion that "disagree[d] that preservation of error is required to assert this sufficiency-of-the-evidence challenge on appeal." *Id*. at 820 (Alcala, J., concurring). It is not clear to me that, absent an objection from Appellant, a jury could not likewise rely on the judgment recital in this case declaring that his prior conviction was for a third degree felony, and therefore use it to enhance his sentence—notwithstanding the other judgment recital that the offense occurred on a date at which it could only have constituted a state jail felony.

the *Hill* contemporaneous objection requirement or the *Hill* exception. Because the Court

does not, I respectfully dissent.


FILED:            June 5, 2019
PUBLISH