

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-90,248-01 & WR-90,248-02

### EX PARTE STEVEN MAJID HAMIDI, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR2014-014-001 & CR2014-015-001
### IN THE 207TH DISTRICT COURT FROM COMAL COUNTY

**YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

### <u>DISSENTING OPINION</u>

Applicant pled guilty to retaliation and aggravated robbery and was sentenced to thirty years' imprisonment for each charge. Applicant filed these applications for writ of habeas corpus contending that his plea was involuntary because trial counsel allowed him to plead true to enhancement counts based upon foreign convictions that, at the time of the prosecution, were not available for use to enhance punishment according to the law applicable in the enhancement conviction's jurisdiction. *See* TEX. CODE CRIM. PROC. art. 11.07. Today, the Court remands this application to the trial court for further fact development, including a response from trial counsel, and a determination of whether the

enhancement allegations were final and available for enhancement purposes under the law of the jurisdiction of conviction.

It is my position that challenges to enhancement allegations are not ordinarily cognizable on post-conviction habeas corpus review. *Hestand v. State*, 587 S.W.3d 409, 409–10 (Tex. Crim. App. 2019) (Yeary, J., dissenting); *Rodriguez v. State*, 578 S.W.3d 92, 94 (Tex. Crim. App. 2019) (Yeary, J., dissenting); *Ex parte Pointer*, Nos. WR-84,786-01 & -02, 2019 WL 6719996, at *3 (Tex. Crim. App. Dec. 11, 2019) (not designated for publication) (Yeary, J., concurring). As a result, I would not remand this cause but would simply deny relief. As I initially explained in *Ex parte Pue*:

> In my view, resolution of the issue that the Court addresses today—which forum's law will control the question of whether an out-of-state conviction is "final" for habitual-enhancement purposes—is purely advisory in the absence of a principled holding that a claim of improper enhancement is cognizable in a post-conviction collateral attack to begin with.

*Ex parte Pue*, 552 S.W.3d 226, 242–43 (Tex. Crim. App. 2018) (Yeary, J., dissenting).

The appropriate avenue for Applicant to be entitled to relief, in my view, would have been to object at trial and raise the issue on direct appeal, not to wait until the conviction was final to challenge the enhancements in a collateral attack. "The goal of preventing potentially unauthorized enhancements is not so critical to the proper functioning of the criminal justice system as to outweigh the State's legitimate interest in the repose of its final convictions." *Id.* at 243. Because I would simply deny relief to Applicant's claim as not cognizable in post-conviction habeas corpus proceedings, I respectfully dissent.

FILED:                              April 14, 20121
DO NOT PUBLISH