

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,074-04 & WR-83,074-05

### EX PARTE MICHAEL CHARLES HILL, Applicant

## ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
## CAUSE NOS. WR-10155 & WR-10156 IN THE 196TH DISTRICT COURT
## HUNT COUNTY

YEARY, J., filed a concurring and dissenting opinion in which SLAUGHTER, J. joined.

### CONCURRING AND DISSENTING OPINION

Instead of upholding a validly assessed sentence, the Court grants Applicant post-conviction habeas corpus relief in his sexual-assault-of-a-child conviction based on a claim of improper sentence enhancement. But, at the time that Applicant's sentence was enhanced in 2012, and for the three years following the appellate court's mandate, which

finalized his appeal,[1] there was nothing wrong with that enhancement. The sentence did not come into question until 2018, when this Court vacated the underlying felony conviction for aggravated sexual assault because of an involuntary guilty plea.

At the time that Applicant committed the current offense of sexual assault of a child, the enhancement statute was clear that a previous conviction for certain enumerated crimes—including aggravated sexual assault—could be used to enhance a subsequent sexual assault conviction to an automatic life sentence. With this statute on the books, Applicant nevertheless chose to commit sexual assault of a child, presumably aware of the repercussions of a guilty verdict. The Court's decision today leaves open the possibility that a defendant can challenge a sentence fifty years down the road, after all witnesses have passed away and no one remains from the original trial, solely because the underlying felony is later, on whatever basis, invalidated. This undermines the idea that there can ever truly be a "final conviction" in a case where a sentence has been enhanced by proof of a prior conviction. I dissent to granting relief in Applicant's sexual-assault-of-a-child case.

## I. FACTS AND PROCEDURAL POSTURE

In 2000, after pleading guilty, Applicant was convicted of aggravated sexual assault of a child, and he was sentenced to confinement for five years. He never perfected an appeal in that case. In 2007, Applicant committed the offense of indecency with a child. One year later, in 2008, he also committed the offense of sexual assault of a child. In 2012, the State

---

[1] *See Beal v. State*, 91 S.W.3d 794, 795 (Tex. Crim. App. 2002) (holding that a conviction becomes final for enhancement purposes "when the appellate court issues its mandate affirming the conviction").

proceeded to trial of those offenses pursuant to separate indictments. A jury found Applicant guilty of both sexual assault of a child and indecency with a child—both second degree felonies—which are the subject of these writ applications.

At the punishment phase, the State presented evidence of Applicant's previous conviction of aggravated sexual assault from 2000, to enhance both offenses. The jury was instructed that, if it should find that Applicant was in fact convicted of that prior offense, it must assess an automatic life sentence for the sexual assault conviction, pursuant to Texas Penal Code Section 12.42(c)(2). TEX. PENAL CODE § 12.42(c)(2). As for the indecency conviction, Applicant's sentence was enhanced to a first-degree felony based upon proof of the same previous aggravated sexual assault conviction, under Section 12.42(b). TEX. PENAL CODE § 12.42(b). The jury exercised its sentencing discretion to assess a life sentence in that case as well. Applicant appealed both the sexual assault and the indecency convictions. The Sixth Court of Appeals affirmed both convictions in 2013. *Hill v. State*, Nos. 06-12-0094-CR & 06-12-0095-CR, 2013 WL 69248 & 2013 WL 69239 (Tex. App.—Texarkana Jan. 8, 2013) (not designated for publication).

In 2018, Applicant challenged his 2000 aggravated sexual assault conviction in an application for post-conviction writ of habeas corpus, arguing that his guilty plea had been involuntary. This Court granted Applicant relief in that case and vacated that conviction. *Ex parte Hill*, No. WR-83,074-03, 2018 WL 2327177 (Tex. Crim. App. May 23, 2018) (not designated for publication). Applicant then filed the post-conviction applications for writ of habeas corpus before the Court today, seeking relief based on illegal sentence claims.

In June of 2019, this Court issued an order finding that Applicant's life sentences were illegal because of the use of an invalid prior conviction to enhance the punishment ranges, and we remanded the cases to the convicting court, consistent with *Ex parte Parrott*, 396 S.W.3d 531, 533 (Tex. Crim. App. 2013), to determine whether Applicant had any other prior felony convictions that could have been used for enhancement purposes. *Ex parte Hill*, Nos. WR-83,074-04 & WR-83,074-05, 2019 WL 2607173 (Tex. Crim. App. June 26, 2019) (not designated for publication). When the cases returned to us, we ordered the parties to submit additional briefing. *Ex parte Hill*, Nos. WR-83,074-04 & WR-83,074-05, 2020 WL 587080 (Tex. Crim. App. Feb. 5, 2020) (not designated for publication). Today, the Court grants Applicant a new punishment determination in his sexual-assault-of-a-child case.

I dissent to granting such relief. In my view, Applicant's automatic life sentence in the sexual assault of a child case was justified because Section 12.42(c)(2) only requires the State to prove that Applicant was previously *convicted* of one of the offenses listed in 12.42(c)(2)(B)(ii) in order to obtain an automatic life sentence—not that he actually committed such an offense or that the conviction was forever unassailable. The prior aggravated sexual assault conviction used to enhance the sentence for Applicant's subsequent sexual assault conviction was valid at the time it was used.

As for the jury's discretionary assessment of a life sentence in the indecency case, I agree with the Court's bottom line today because the improper enhancement under Section 12.42(b) was harmless under *Parrott* since Applicant's sentence could have been enhanced in any event by virtue of the previous felony theft conviction. I also believe that any claim

that the jury's discretion in assessing that life sentence was polluted because the jurors heard evidence of Applicant's now-invalidated prior aggravated sexual assault conviction would be in the nature of an inadvertent-use-of-false-evidence claim, not an illegal-sentence claim. Applicant has not made a claim that the punishment phase of his indecency trial was tainted by the introduction of false evidence. And finally, I believe that, in any event, both of Applicant's claims should probably be barred by laches because he waited so long before challenging the 2000 prior conviction that the State used, twelve years later, to enhance the convictions he presently challenges.

## II. SEXUAL ASSAULT OF A CHILD: AUTOMATIC LIFE SENTENCE

Applicant received an automatic life sentence for the sexual assault offense pursuant to Section 12.42(c)(2).[2] Under that Section, the State may enhance certain sexual assault

---

[2] Because Applicant committed the sexual assault of a child offense on August 22, 2008, the controlling statute is the 2008 version of the Texas Penal Code. At that time, Section 12.42(c)(2) read:

Notwithstanding Subdivision (1) a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life if:

(A) the defendant is convicted of an offense:

(i) under Section 21.11(a)(1), 22.021 or 22.011, Penal Code;

(ii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually; or

(iii) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (i) or (ii) or a felony under Section 21.11, Penal Code; and

(B) the defendant has been previously convicted of an offense;

offenses to an automatic life sentence upon a showing that the defendant has previously been convicted of an offense listed in Subsection 12.42(c)(2)(B)(ii). There is no question that Applicant's previous aggravated sexual assault conviction was final at the time that it was used to enhance Applicant's sexual assault and indecency convictions.[3] Applicant did not appeal the aggravated sexual assault conviction, likely making the conviction final when the judgment of conviction was signed by the trial court in 2000.[4] Thus, as of the

(i) under Section 43.25 or 43.26, Penal Code, or an offense under Section 43.23, Penal Code, punishable under Subsection (h) of that section,

(ii) under Section 21.02, 21.11, 22.011, 22.021, or 25.02, Penal Code;

(iii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually;

(iv) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (ii) or (iii); or

(v) under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv).

TEXAS PENAL CODE § 12.42(c)(2).

[3] I note that the Legislature has not required that the prior conviction be final before it may be used to enhance under Section 12.42(c)(2). Elsewhere I have assailed the Court's tendency to read a finality requirement into such statutory provisions. *Ex parte Westerman*, 570 S.W.3d 731, 737–38 (Tex. Crim. App. 2019) (Yeary, J., dissenting) ("Nevertheless, this court has subsequently read into Section 12.42(d) a requirement that the felony on trial must have been committed after the second enhancing felony became final") (citing *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987)). Even if the Court were to read a finality requirement into Section 12.42(c)(2), it is undisputed by the parties that the aggravated sexual assault conviction was final at the time it was used to enhance Applicant's sexual assault and indecency convictions. Thus, the finality of the aggravated sexual assault conviction is not at issue in this case.

[4] There was no notice of appeal in the record of Applicant's first conviction, and it is likely true that Applicant's conviction was thus final when he was sentenced in 2000. *See Jones v. State*,

time that Applicant committed the offenses, in 2007 and 2008, and as of the time he was convicted for both, in 2012, the enhancement was valid because Applicant's aggravated sexual assault conviction had not yet been vacated. Indeed, the Court's previous remand order acknowledged that, "[a]t the time of trial, Applicant's prior conviction was facially valid[.]" *Ex parte Hill*, Nos. WR-83,074-04 & WR-83,074-05, 2019 WL 2607173, at *1. Nevertheless, the Court today finds Applicant's automatic life sentence to have been "illegal"—thus, apparently invoking the principle that "illegal sentences" may be challenged "at any time." *Id*. (citing *Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006), which in turn cites *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)).

I do not believe that the use for enhancement purposes of a prior conviction that is later invalidated because of an involuntary plea implicates *Mizell*'s "illegal sentence" principle.[5] I have expounded upon my view in this regard at some length in other cases in

---

77 S.W.3d 819 (Tex. Crim. App. 2002) (in a case involving a prosecution under Section 531.372 of the Transportation Code, this Court held that "when there is no evidence that a defendant ever filed a notice of appeal, a conviction is deemed to be final on the date of sentencing[,]" and the Court drew analogy to the situations presented under Section 12.42).

[5] The Court goes to some length today to distinguish (what it calls) an "illegal sentence" claim stemming from a punishment-enhancement defect from (what it calls) a simple "improper enhancement" claim. Majority Opinion at 10–16. I am not at all sure I comprehend what marks the distinction in the Court's eyes. Whatever the distinction may be, the Court categorizes *Hill v. State*, 633 S.W.2d 520 (Tex. Crim. App. 1981), as involving nothing more than an "improper enhancement" claim. Majority Opinion at 11–12. Assuming that there is any validity at all to the Court's dichotomy, I would fail to see how the Court can possibly regard *Hill* (according to its own apparent criteria) as a case involving only a simple "improper enhancement." Hill was indicted for theft of property of a value of between $200 and $10,000, 633 S.W.2d at 521, which at the time of the offense, in 1978, constituted a third-degree felony, punishable then, as now, at a term in the penitentiary of 2 to 10 years. Because of two enhancement counts, he instead received a punishment of life in the penitentiary under Section 12.42(d) of the Penal Code. When he challenged the validity of one of those prior convictions for enhancement purposes, he was necessarily contending that the life sentence he received was outside of the proper range of punishment. It was therefore—at least in contemplation of the Court's apparent dichotomy today, as I think I understand it—a quintessential "illegal sentence" claim, not just an "improper

the past several years, most particularly in *Ex parte Pue*, 552 S.W.3d 226, 238–44 (Tex. Crim. App. 2018) (Yeary, J., dissenting).[6] I will not revisit all of those arguments here, but will reiterate a relevant passage from that dissent:

> The system does not expect the trial court to monitor the adequacy or finality of the prior convictions alleged to enhance in order to ensure its own authority to impose a sentence within an enhanced range. The onus is instead placed on the defense to investigate the legitimacy of the State's enhancement counts, and to call any apparent deficiencies to the trial court's attention. In the absence of an objection, the trial court has no particular reason to doubt its authority to assess an enhanced sentence. The goal of preventing potentially unauthorized enhancements is not so critical to the proper functioning of the criminal justice system as to outweigh the State's legitimate interest in the repose of its final convictions. Such claims ought not to be regarded as subject to post-conviction collateral attack under the *Mizell* rubric of "illegal sentence."

*Id*. at 243.[7]

---

enhancement" claim. Likewise with *Ex parte White*, 659 S.W.2d 434 (Tex. Crim. App. 1983). In that case, the applicant also challenged his life sentence on the ground that one of the prior convictions used to enhance his punishment from the third-degree felony range was invalid— another quintessential "illegal sentence" claim, at least according to what I understand to be the Court's distinction. Am I wrong? What am I missing? Is the Court instead saying that a claim stemming from an enhancement defect is only an "illegal sentence" claim if that is how the applicant himself (or worse, the Court itself) chooses to characterize it, and that it is otherwise simply an "improper enhancement" claim?

For my part, I remain unconvinced that any claim of punishment-enhancement error ought to be regarded as falling within the *Mizell* rubric of "illegal sentence" for purposes of habeas corpus cognizability, for reasons explained in the text. As far as I am concerned, any claim of error in the enhancement of punishment constitutes nothing more than an "improper enhancement" claim.

[6] *See also Ex parte Clay*, 539 S.W.3d 285 (Tex. Crim. App. 2018) (Yeary, J., dissenting); *Rodriguez v. State*, 578 S.W.3d 92 (Tex. Crim. App. 2019) (Yeary, J., dissenting); *Hestand v. State*, 587 S.W.3d 409 (Tex. Crim. App. 2019) (Yeary, J., dissenting).

[7] Applicant has also alleged ineffective assistance of counsel for failing to investigate the validity of his prior aggravated sexual assault conviction for use to enhance his sentences. The Court does not address that claim in its order today. In an affidavit, trial counsel has claimed that Applicant failed to alert him to any reason to believe his prior conviction was based upon an involuntary plea. He does not say whether he conducted any independent investigation into the validity of the plea but implies that he did not when he asserts that it would "place[ ] an absurd

What is more, at the time that Applicant committed the new offenses in 2007 and 2008, he was certainly aware that he was a convicted felon, and he also presumably knew that, if he was convicted of another sexual assault crime, he would receive an automatic life sentence pursuant to Section 12.42(c)(2). In other contexts we have found that vacating a predicate felony does not alter a subsequent conviction; for instance, when the predicate felony in an unlawful possession of a firearm case is vacated.[8] Pursuant to the clear language of Section 12.42(c)(2), we should simply inquire whether the State has proved a valid conviction enumerated under Section 12.42(c)(2)(B), similar to the way we look at the defendant's felony status in unlawful possession of a firearm cases. In *Ex parte Jimenez*, this Court construed the language: "[a] person who has been convicted of a felony . . . ," found in Penal Code Section 46.05,[9] to mean that the State only had to prove a defendant's felony status when he possessed the firearm—not that the predicate felony had to withstand scrutiny for all time in order for the unlawful possession of a firearm conviction to remain valid. 361 S.W.3d 679, 683 (Tex. Crim. App. 2012). Notably, the language under Section 12.42(c)(2)—the defendant is convicted of an offense—is similar

---

burden on a defendant's trial counsel to simultaneously serve as post-conviction counsel for any previous convictions." Under these circumstances, I would not be averse to remanding the causes for additional fact development with respect to Applicant's ineffective assistance of counsel claim and potentially filing and setting for a determination of the merits of *that* claim. *See Pue*, 552 S.W.3d at 241–2 n.4 (Yeary, J., dissenting); *Clay* 539 S.W.3d at 289 (Yeary, J., dissenting). Because the Court grants relief without doing so, however, I dissent to its disposition of the causes.

[8] *See Ex parte Jimenez*, 361 S.W.3d 679 (Tex. Crim. App. 2012) (holding that unlawful possession of a firearm is a status crime, and Applicant was not entitled to relief even though the predicate felony supporting his conviction had been set aside and the charge dismissed); *State v. Mason*, 980 S.W.2d 635 (Tex. Crim. App. (1998) (finding that the unlawful possession of a firearm by a felon is a status offense).

[9] TEX. PENAL CODE § 46.05.

to the language found in the unlawful possession of a firearm statute. Because the State proved at Applicant's trial that he had previously been convicted of an offense enumerated in Section 12.42(c)(2)(B), he was subject to the automatic life sentence enhancement under Section 12.42(c)(2). Instead, the Court grants Applicant relief, which opens the door to the possibility that a defendant who has been convicted of an offense, and whose sentence was validly enhanced at that time, can challenge his enhanced sentence conviction for an indefinite time, and seriously diminish the State's ability to exercise its statutory prerogative to enhance sentences with confidence that the enhancement will not undermine the judgment.

### III. INDECENCY: DISCRETIONARY LIFE SENTENCE

Once Applicant's conviction for indecency was enhanced with the prior aggravated sexual assault conviction, he was subject to punishment as a first-degree felon, authorizing the jury to assess a life sentence, at its discretion, under Section 12.42(b). Even if I thought the Court was correct that vacating a predicate felony conviction works to invalidate a subsequent sentence that was enhanced with that predicate felony, it would nevertheless be inappropriate for the Court to grant Applicant relief when another prior felony conviction exists which could have been substituted for the vacated prior felony conviction. In *Ex parte Parrott*, we held that an Applicant fails to demonstrate harm when the "habeas record establishes that Applicant was previously convicted of other offenses that support the punishment range within which he was admonished and sentenced[.]" 396 S.W.3d at 533.

Here, Applicant was finally convicted of felony theft in 2000, at the same time that he was convicted of aggravated sexual assault. Pursuant to *Ex parte Parrott*, the existence

of Applicant's prior felony theft conviction renders harmless the fact that his prior felony conviction for aggravated sexual assault has been declared invalid, because the punishment range for his indecency offense could still be enhanced from a second-degree felony to a first-degree felony under Section 12.42(b).[10] Under these circumstances, it cannot be said that he has received an illegal sentence for the indecency offense.

Perhaps it could be arguable that the introduction of the aggravated sexual assault conviction might have improperly influenced the jury in assessing punishment in Applicant's indecency-with-a-child case. Maybe the jury would not have assessed a life sentence had the indecency sentence been enhanced by the felony theft conviction and had there been no mention of the aggravated sexual assault conviction during Applicant's punishment trial. The jury could well have utilized its knowledge of the now-invalidated aggravated assault conviction, the argument might go, to justify imposing the highest possible sentence within the range of punishment for a first-degree felony. Assuming all of that, Applicant might argue that he is entitled to relief on his challenge to the indecency sentence—not on the basis of an illegal-sentence claim, but on a false evidence claim.[11] Unfortunately, Applicant has not raised a false evidence claim.

---

[10] Because Applicant committed the indecency offense on August 22, 2007, the controlling statute is the 2006 version of the Texas Penal Code. Section 12.42(b) at that time read:

> If it is shown on the trial of a second-degree felony that the defendant has been once convicted of a felony, on conviction he shall be punished for a first-degree felony.

TEXAS PENAL CODE § 12.42(b).

[11] *See Ex parte Chaney*, 563 S.W.3d 239, 263 (Tex. Crim. App. 2018) ("Due process of law is violated when a conviction is obtained using false evidence, irrespective of whether the false evidence was knowingly or unknowingly used against the defendant") (citing *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014)).

Applicant has been represented by counsel since the time he filed these post-conviction habeas corpus applications; he has nevertheless failed to raise a false evidence claim at any point. Even construing *pro se* writ applications liberally, we are not at liberty to "create claims that the Court *sua sponte* believes meritorious when they are not arguably present in an applicant's pleadings." *Ex parte Carter*, 521 S.W.3d 344, 350 (Tex. Crim. App. 2017) (plurality opinion). Further, even if the Court were justified in addressing a false evidence claim *sua sponte*, we would still need to determine whether the introduction of false evidence before the jury was material to the sentence.[12] Because Applicant has failed to raise such a claim, or to argue materiality in that context, we should not entertain the claim today, and for that reason, if no other, the Court is correct not to grant relief on the basis of an illegal-sentence on the indecency charge.

## IV. LACHES

Applicant did not appeal from his 2000 conviction for aggravated assault of a child, and he had brought no post-conviction habeas corpus challenge to it by the time he was prosecuted in 2012 for the two offenses before us in these habeas corpus proceedings today. It was only after the State had relied in good faith upon that 2000 conviction to enhance Applicant's punishments in the present cases that, for the very first time, he challenged the 2000 conviction in a collateral attack, beginning in 2014—fourteen years after he sustained

---

[12] *See Ex parte Ghahremani*, 332 S.W.3d 470, 478 (Tex. Crim. App. 2011) (holding that the use of false evidence must have been material to justify granting relief); *See Ex parte Lalonde*, 570 S.W.3d 716, 723 (Tex. Crim. App. 2019) (holding that in assessing a false evidence claim, the Court must first determine whether the evidence is false, and if the evidence is false, then the Court must determine whether such evidence was material).

the conviction! *See* Majority Opinion at 4 ("In September 2014, Applicant filed his initial habeas application.").

The Court today says that the time to have considered a laches bar to Applicant's obtaining relief in a collateral attack upon the 2000 conviction was when we granted post-conviction relief in that case, in 2019. *Id*. at 8. I agree that we should have considered laches at that time, and I regret that I did not then object on that basis. *Ex parte Hill*, No. WR-83,074-03, 2018 WL 2327177 (Tex. Crim. App. May 23, 2018) (not designated for publication). I would not compound that manifest mistake today by refusing to apply laches now. Applicant waited at least twelve years, until after the State had relied in good faith upon his 2000 conviction to enhance punishment in the present cases, to go to the trouble to challenge that prior conviction. *See* Majority Opinion at 4 ("According to postconviction counsel, he was hired about six months after Applicant's enhanced sentences were affirmed on direct appeal, and he immediately began investigating the enhancing offense."). And it has now been nine years since Applicant sustained the two enhanced convictions that today he challenges—largely because it took him that long to successfully mount a collateral attack on the prior conviction. *See id*. at 4–7 (describing the circuitous course of Applicant's various habeas corpus challenges to his 2000 conviction). As far as I am concerned, the equities simply are not with him. The State's legitimate interest in the repose of its hard-won convictions and punishments easily trumps Applicant's much-belated

attempt to undermine them. The Court should be more willing to consider denying Applicant relief on his sexual-assault-of-a-child conviction on this basis as well.[13]

## V. CONCLUSION

Because the Court nevertheless grants relief with respect to that conviction, I respectfully dissent. For reasons stated in Part III herein, I concur in the Court's judgment to deny relief as to Applicant's indecency-with-a-child conviction.

FILED:                                          October 20, 2021
PUBLISH

---

[13] I agree with much of Presiding Judge Keller's dissenting opinion, especially with respect to laches. I cannot join her, however, if only because she seems to accept the Court's conclusion that at least some types of punishment-enhancement errors may appropriately be conceptualized as "illegal sentence" claims under the *Mizell* rubric.