

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-91,289-01

### EX PARTE ROLLIE DARNELL WARFIELD, Applicant

### ON APPLICANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. W12-51838-V(A) FROM THE 292ND DISTRICT COURT
### DALLAS COUNTY

**YEARY, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

In an unpublished, per curiam opinion, the Court grants Applicant relief, in part

based on his claim that his guilty plea was involuntary. For reasons extensively developed

in Judge Keasler's concurring opinion in *Ex parte Saucedo*, 576 S.W.3d 712 (Tex. Crim.

App. 2019) (Keasler, J., concurring), I disagree that Applicant's guilty plea was

involuntary, and I continue to believe that the Court should overrule *Ex parte Mable*, 443

S.W.3d 129 (Tex. Crim. App. 2014). I nevertheless agree that Applicant is entitled to post-

conviction relief on the ground that he pled guilty to a greater offense than the law will

tolerate, given the undisputed facts. Because my reason for voting to grant Applicant relief

in this case was not fully explained in Judge Keasler's concurring opinion in *Saucedo*, I write further today to spell out my thoughts about this matter.

## BACKGROUND

In 2013, Applicant pled guilty to the offense of fraudulent possession of identifying information, under Section 32.51(b) of the Texas Penal Code. TEX. PENAL CODE § 32.51(b). He pled guilty to possession of more than ten "items . . . possessed," making the degree of offense a second-degree felony. TEX. PENAL CODE § 32.51(c)(3). His punishment was assessed, accordingly, at nine years in the penitentiary.

In 2015, this Court for the first time construed the statutory phrase "item of . . . identifying information," in Section 32.51(b), essentially declaring what the allowable unit of prosecution is for purposes of determining what level of offense has been committed. *Ex parte Cortez*, 469 S.W.3d 593 (Tex. Crim. App. 2015). The parties now agree that the number of items possessed, as properly calculated under *Cortez*, was six, not ten, which made Applicant guilty of no greater than a third-degree felony. TEX. PENAL CODE § 32.51(c)(2). With the consent of the State, the trial court now recommends that we grant Applicant a new trial.

## VOLUNTARINESS OF THE PLEA?

In its order today, the Court grants relief based upon Applicant's contention that "his due process [right] was violated and [his] plea was involuntary because he possessed less than ten pieces of identification, making him guilty only of a lesser offense." Majority Opinion at 1. While I agree that "his due process [right] was violated[,]" I disagree that it is because his "plea was involuntary[.]" That his guilty plea might be involuntary is a notion that seems to stem from the fact that, at the time he pled, Applicant was unaware that this

Court would later construe the statute in such a way as to render him guilty only of the lesser offense. *See Cortez*, 469 S.W.3d at 603 (explaining how to correctly determine what constitutes an "item of identifying information"). He thus pled, by this reasoning, in ignorance of a crucial piece of information that, had he known about, he would surely not have entered the plea that he did. Although the Court does not say so in its per curiam opinion today, it takes this notion from *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

But *Mable* should be overruled. As Judge Keasler aptly explained in his concurring opinion in *Saucedo*, so long as an accused enters a guilty plea with an awareness of what he does not know, it cannot be said that he pled involuntarily. *Saucedo*, 576 S.W.3d at 719 (Keasler, J., concurring) (an applicant's "ignorance of facts he 'knew . . . he did not know' should not invalidate his otherwise voluntary decision to plead guilty") (quoting *Ex parte Palmberg*, 491 S.W.3d 804, 810 (Tex. Crim. App. 2016)). Because *Mable* held otherwise, it should be abandoned—not propagated, as the Court tacitly continues to do in its holding today.

## DUE PROCESS: GUILTY ONLY OF THE LESSER OFFENSE?

Judge Keasler still believed the Court correctly granted Saucedo relief, however, based on Saucedo's alternative due process claim that, as he put it, he was "actually innocent" of the greater offense for which he had been convicted. Judge Keasler conceded that this Court had eschewed the nomenclature of "actual innocence" for such a claim (since, after all, the applicant was still guilty of the lesser-included offense), in *State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010). But we had nevertheless granted relief in *Wilson* on the theory that new facts could establish a due process claim that an

appellant was "guilty only of" a lesser offense, such that he was "factually ineligible" to be punished for the greater offense. *Saucedo*, 576 S.W.3d at 720 (Keasler, J., concurring). "These are the basic premises," Judge Keasler observed, "behind a post-conviction claim of 'illegal sentence.'" *Id*.

## NEW FACTS?

Of course, our cases require that a bona fide claim of so-called "actual innocence"—innocence of any crime at all—must include the discovery and presentation of new facts. *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). And in making his analogous claim that, if he was not "actually innocent," then he was at least "guilty only of" a lesser offense (and was therefore ineligible to be punished for the greater offense), Saucedo was able to present new facts that showed the validity of his claim.

This case differs from *Saucedo* in that there are no new facts here. It is just that, after *Cortez*, the facts—as we have known them to be from the start—turn out to make Applicant susceptible to prosecution only for a third-degree felony, not for a second-degree felony. Should we deny Applicant relief because his claim is based upon a later-made judicial clarification of the relevant statutory law rather than the discovery of previously unknown historical facts?

## ILLEGAL SENTENCE?

Another way in which this case differs from *Saucedo* is that Appellant received a sentence of nine years in the penitentiary, which is within the range of punishment for a third-degree felony. *See* TEX. PENAL CODE § 12.34(a) (third-degree felony is punishable "by imprisonment . . . for any term of not more than 10 years or less than 2 years"). Thus, the way I see it, and speaking strictly, his sentence is not "illegal" in the sense that would

support a collateral attack upon his conviction. *See Ex parte Pue*, 552 S.W.3d 226, 239 (Tex. Crim. App. 2018) (Yeary, J., dissenting) ("I have no quarrel with the notion that an 'illegal sentence'—that is to say, a sentence that on its face falls outside the range of punishment authorized by law—should be regarded as cognizable even if complained of for the first time in post-conviction habeas proceedings."); *Ex parte Rodriguez*, 578 S.W.3d 92, 94 (Tex. Crim. App. 2019) (Yeary, J., dissenting) (same). Though nominally convicted of a second-degree felony, Applicant received a sentence that was at the high end of the statutory range for a third-degree felony sentence.

### WHY IS THIS APPLICANT ENTITLED TO RELIEF?

To sum up: Applicant has not shown that his plea was *involuntary*; he has not presented new *facts* to show he is guilty only of the lesser offense; and his sentence has not been shown to be *illegal*, in the sense that it falls outside the lawful range for a third-degree felony. Why, then, do I still agree with the Court's bottom line that he should receive relief on due process grounds in a post-conviction collateral proceeding? The answer lies in what I have often explained to be my understanding of "actual innocence."

The Court declares a habeas applicant to be "actually innocent" of the offense for which he was convicted so long as he can meet the standard for obtaining post-conviction relief set out in *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). That is to say, he may obtain a new trial if he can show, by clear and convincing evidence, that no reasonable fact-finder—had it been presented with his new exculpatory evidence in addition to the evidence that it heard at trial—would have convicted him. *Id*. I would also grant relief to any post-conviction applicant who can satisfy the *Elizondo* standard. But I would not necessarily call *that* applicant "actually innocent" in doing so. *See Ex parte*

*Cacy*, 543 S.W.3d 802, 804 (Tex. Crim. App. 2016) (Yeary, J., concurring) ("I would avoid the label of actual innocence—at least in the absence of evidence that conclusively proves, not just that a reasonable jury, by clear and convincing evidence, would not have *convicted* him, but that the applicant manifestly *did not commit the offense*."); *Ex parte Chaney*, 563 S.W.3d 239 (Tex. Crim. App. 2018) (Yeary, J., concurring) ("The *Elizondo* standard does not literally require an applicant to establish that he did not commit the offense for which he was convicted by *any standard whatsoever*. Yet, we persist in declaring all applicants who satisfy *only* the *Elizondo* standard 'actually innocent.'").

On the other hand, in my view, any applicant who can demonstrate that he is "actually innocent" in the absolute sense should not be bound by *Elizondo*'s requirement of new facts. If the penal provision under which an applicant is convicted is later construed for the first time in such a way that it manifestly could *not* support a conviction based upon the undisputed facts of the case, we should be able to declare the applicant "actually innocent" of that offense—even for the first time in post-conviction proceedings. *Cf. In re Lester*, 602 S.W.3d 469, 475 (Tex. 2020) ("Lester is actually innocent because his wrongful conviction is based on conduct that was not a crime.").[1] Granting an applicant relief under

---

[1] The Texas Supreme Court determined that Lester's conduct was not a crime because, even before Lester was convicted, this Court had declared the penal provision under which he was prosecuted to be invalid because it conflicted with the United States Supreme Court's First Amendment overbreadth doctrine, in *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). *See Lester*, 602 S.W.3d at 475 ("The Court of Criminal Appeals, in granting Lester habeas relief, determined that Lester's conviction was 'not valid' because the Court had declared the online-solicitation statute unconstitutional before Lester's conviction."). I have often expressed my dissatisfaction with *Lo* and its progeny, most recently in *Whillhite v. State*, 601 S.W.3d 363, 364 (Tex. Crim. App. 2020) (Yeary, J., concurring). And my position regarding that opinion has not changed. But I generally agree with the sentiment the Texas Supreme Court appears to have expressed in *Lester* that a person should be eligible to be declared "actually innocent," even if he fails to produce new facts, so long as he can show that, based on the already known, undisputed

these circumstances would not require a retroactive application of new law: "A first time interpretation" of a statute, we have said, "even if unanticipated by the parties in the case, cannot be considered a new rule because, presumably," it meant what the Court found it to mean at the time when it was enacted. *See Taylor v. State*, 10 S.W.3d 673, 681 (Tex. Crim. App. 2000).

The same principle should hold true even for the applicant who, like in *Wilson* and *Saucedo*, can show that, under the undisputed facts, he was "guilty only of" the lesser offense under the penal provision as subsequently construed. Under these circumstances, due process simply will not tolerate the maintenance of a conviction for a greater offense than the facts could possibly support under the controlling penal statute. For this reason, I agree that Applicant is entitled to a new trial in this case, though his guilty plea was not *involuntary* when made and he has no new *facts* to support his claim. As our later construction of the controlling penal statute in *Cortez* demonstrates, he simply never should have been convicted of the greater offense in the first place.

FILED          February 24, 2021
PUBLISH

---

facts, he could not legally have been found guilty of the crime for which he was convicted at the time he was convicted.